# EXHIBIT 1

IN THE CIRCUIT COURT
OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NUMBER: 01-2021-CA-001555
Circuit Civil Division J

PHILLIP BRADLEY FREEZE
RACHEL KELLEY FREEZE,
   Plaintiffs,

-vs-

EXACTECH INC,
   Defendant.
_____

## ORDER SCHEDULING PRETRIAL CONFERENCE AND JURY TRIAL
(With Expert Disclosure Schedule)
[Fla. R. Civ. P. 1.200, 1.440]

**THIS ACTION** is at issue according to Fla. R. Civ. P. 1.440, and is ready to be set for trial. Therefore, it is,

**ADJUDGED** that:

1. **PRETRIAL CONFERENCE**: Trial counsel for the parties and all parties representing themselves *pro se* are directed to appear before the undersigned Judge in Chambers, Room 416, 201 E University Avenue, Gainesville, Florida on **Monday, October 16, 2023 at 9:00am**, for a Pretrial Conference to be conducted under the provisions of Fla. R. Civ. P. 1.200. The time allotted for the conference is thirty (30) minutes.

2. **TRIAL DATE**: This action is set for Jury Trial on **Monday, November 06, 2023**, commencing at **9:00am**, before the undersigned Judge, or another judge assigned to conduct the trial, in Courtroom tba, Alachua County Family and Civil Justice Center, 201 E University Avenue, Gainesville, Florida. The time allotted for Jury Trial, including jury selection, is **10 days**. The attorneys and parties shall appear before the trial judge for the commencement of trial at **9:00 A.M. on Monday, November 06, 2023**, unless they are specifically notified otherwise.

3. **EXPERTS**: The following requirements shall govern the use of one or more experts whose testimony may be offered at trial.
   a. Plaintiffs shall disclose the names and addresses of expert witnesses to be used at trial, **three**

   **(3) available dates per witness for their depositions to be taken**, together with said witnesses' curricula vitae and a reasonable description of said witnesses' anticipated testimony no later than **Thursday, March 16, 2023**.
   b. Plaintiffs shall make their experts available for deposition at a mutually agreed upon time and place no later than **Friday, May 19, 2023**.
   c. Defendants shall disclose the names and addresses of expert witnesses to be used at trial, **three (3) available dates per witness for their depositions to be taken**, together with said witnesses' curricula vitae and a reasonable description of said witnesses' anticipated testimony no later than **Friday, May 19, 2023**.
   d. Defendants shall make their experts available for deposition at a mutually agreed upon time and place no later than **Monday, July 03, 2023**.
   e. Plaintiffs shall disclose the names and addresses of rebuttal expert witnesses, if any, to be used at trial, together with said witnesses' curricula vitae and a reasonable description of said witnesses' anticipated testimony no later than **Monday, July 03, 2023** ; and shall make said expert(s) available for deposition no later than **Thursday, August 17, 2023** the close of discovery.

4. **WITNESS LIST**: Not later than **August 17, 2023**, each party shall **file** and **serve** a complete list of witnesses who are expected to testify at trial, together with their last known addresses, telephone numbers, and a concise description of the subject matter of their testimonies. Retained expert witnesses shall be identified as such. Non-retained experts, from whom a party expects to elicit opinion testimony regarding standard of care, causation, or any matter beyond the scope of a fact witness, shall also be identified as such.

5. **EXHIBITS**: No later than **July 16, 2023**, each party shall **file** and **serve** a schedule of all exhibits and documentary evidence that the party will offer during trial.

6. **EXCLUSION OF EVIDENCE**: No witnesses, documents, exhibits, experts or other evidence shall be permitted to testify or be admitted into evidence if not disclosed as required by the foregoing schedule, except by consent of the parties or order of the Court.

7. **MEDIATION**: The attorneys and parties will schedule, conduct, and conclude mediation on or before **Thursday, August 24, 2023**.

8. **DISCOVERY**: ALL DISCOVERY PROCEDURES ALLOWED BY THE FLORIDA RULES OF CIVIL PROCEDURE, INCLUDING THE TAKING OF ALL DEPOSITIONS FOR USE AT TRIAL, SHALL BE COMPLETED NO LATER THAN **FORTY-FIVE (45) DAYS** BEFORE THE PRETRIAL CONFERENCE.

9. **ADMISSIBILITY CONFERENCE**: No later than **ten (10) days** before the Pretrial Conference, the parties shall meet and exhibit to each other all documentary and tangible

evidence, exhibits and visual aids to be used at trial, and shall specifically designate all portions of depositions intended to be offered or used at trial, and shall make a good faith effort to stipulate in writing as to the admissibility and use thereof.  Stipulations may be conditioned on a showing at trial of such things as authenticity, relevance, foundation, and other predicates for admissibility.

10. **PLAINTIFF'S PRETRIAL STATEMENT**:  No later than **ten (10) days** before the Pretrial Conference, Plaintiff(s) shall file and serve on all parties, and deliver a copy to the undersigned judge, a Pretrial Statement setting forth the following:
    a. A short statement of the case and the facts on which Plaintiff bases the cause(s) of action;
    b. An itemized statement of the special damages Plaintiff expects to prove;
    c. If the Defendant has filed a counterclaim, Plaintiff will comply with Defendant's instructions 11(a) and 11(b);
    d. A schedule of all exhibits and documentary evidence Plaintiff will offer during the trial;
    e. A complete list of witnesses to be used at trial, together with their current addresses and current telephone numbers;
    f. All stipulations regarding the authenticity, admissibility and use of exhibits and visual aids;
    g. A memorandum of law particularly applicable to this case, with copies of cited authority;
    h. Plaintiff's proposed jury instructions and verdict form.

11. **DEFENDANT'S PRETRIAL STATEMENT**:  No later than **ten (10) days** before the Pretrial Conference, Defendant(s) shall file and serve on all parties, and deliver a copy to the undersigned judge, a Pretrial Compliance setting forth the following
    a. A statement of the facts constituting Plaintiff's cause(s) of action, including damages, which Defendant will admit;
    b. If Defendant has filed affirmative defenses, a statement of the facts on which Defendant bases such defenses;
    c. If Defendant has filed a counterclaim or cross-claim, Defendant will comply with Plaintiff's instructions 10(a) and 10(b);
    d. A schedule of all exhibits and documentary evidence Defendant will offer during the trial;
    e. A complete list of witnesses to be used at trial, together with their current addresses and current telephone numbers;
    f. All stipulations regarding the authenticity, admissibility and use of exhibits and visual aids;
    g. A memorandum of law particularly applicable to this case, with copies of cited authority;
    h. Defendant's proposed jury instructions and verdict form.

12. **MOTIONS**: ALL MOTIONS MUST BE FILED AND HEARD PRIOR TO THE PRETRIAL CONFERENCE, INCLUDING, TO THE EXTENT PRACTICABLE, ALL MOTIONS *IN LIMINE*, OBJECTIONS TO DEPOSITIONS AND EXHIBITS, AND DAUBERT MOTIONS. Motions filed after the Pretrial Conference will not be considered if they are based on any matter known to the movant at the time of the Pretrial Conference or of which the movant could

have known at that time through the exercise of reasonable diligence.

13. **SETTLEMENT CONFERENCE**:  Within **forty-eight (48) hours** immediately before the Pretrial Conference, the parties shall meet or communicate via telephone and conduct good-faith settlement negotiations.

14. **OBJECTIONS TO EXHIBITS**:  At the Pretrial Conference, the parties shall be fully prepared to advise the Court of the precise objection, if any, to each of the opposing party's exhibits.

15. **COMPLIANCE WITH SCHEDULE**:  The times for compliance with the schedule stated in this Order may be extended only for good cause shown upon timely application.

16. **TIME LIMIT FOR TRIAL**:  The time limits provided in this Order may be extended only for good cause shown upon timely application.

17. **CANCELLATION**:  The trial shall not be canceled or postponed without a prior order of the Court for good cause shown. Each party shall notify the Court immediately, via email to the judicial assistant followed by a confirmatory telephone call/voice mail, in the event the trial should be canceled because the case has settled and/or been dismissed.  In order to cancel the trial, the Court may require the parties to submit a written acknowledgment of their settlement agreement, or to appear on the scheduled trial date and announce their settlement on the record.

18. **BINDING EFFECT OF THIS ORDER**:  During trial, the parties will be bound in all particulars by this Order and the Pretrial Order to be entered following the Pretrial Conference. Before being offered or used at trial, all depositions and exhibits shall be redacted or edited according to rulings made by the Court, including elimination of superfluous matter.

19. **SANCTIONS**:  The failure of a party or an attorney to comply with this Order shall subject that party or attorney to such sanctions as the Court shall determine to be just and proper under the circumstances, such as the sanctions provided for in Rule 1.200(c), Florida Rules of Civil Procedure.

20. **DUTY TO INFORM COURT OF SETTLEMENT**:  Plaintiff's counsel (or Defense counsel, if Plaintiff is pro se) shall immediately inform the Court of any settlement reached in this case. Notification required shall include the filing of a Notice of Settlement, through the e-portal, with a courtesy copy of that notice emailed to the undersigned's judicial assistant within three (3) business days of settlement.  If the settlement occurs within 72 hours of trial, Plaintiff's counsel (or Defense counsel, if Plaintiff is pro se) shall <u>immediately</u> file the Notice of Settlement, send a courtesy copy to the judicial assistant, AND leave a telephone message for the presiding judge and for Court Administration.  Failure to timely inform the Court of settlement of this cause may result in the imposition of sanctions, including, but not limited to:

requiring the parties and counsel to appear, in person, at the courthouse on the day scheduled for trial; the imposition of fines, fees or costs; the reporting of counsel to the applicable Professionalism Panel and/or the Florida Bar; and/or any other legal or equitable sanction, at the discretion of the presiding judge.

**DONE AND ORDERED** on Wednesday, August 31, 2022.

01-2021-CA-001555 08/31/2022 03:12:21 PM

_____

Donna M. Keim, Circuit Judge
01-2021-CA-001555 08/31/2022 03:12:21 PM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies have been furnished by U.S. Mail or via filing with the Florida Courts E-Filing Portal on Wednesday, August 31, 2022 to the following:

JOSEPH H SAUNDERS, ESQ
joe@saunderslawyers.com
carol@saunderslawyers.com

AIMEE M ADAMS, ESQ
aimee.adams@bowmanandbrooke.com
christina.berrios@bowmanandbrooke.com

KIRK A CARTER, ESQ
kirk.carter@bowmanandbrooke.com

Bradley Shapiro
bradley.shapiro@bowmanandbrooke.com
estela.martinez@bowmanandbrooke.com

Sheryl Bjork
sheryl.bjork@bowmanandbrooke.com
gina.sinn@bowmanandbrooke.com

Lauren Russ
lauren.russ@bowmanandbrooke.com

01-2021-CA-001555 08/31/2022 03:53:02 PM

_____

Theresa Hall, Judicial Assistant
01-2021-CA-001555 08/31/2022 03:53:02 PM

**Under the Americans with Disabilities Act, if you are a person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled to be provided with certain assistance at no cost to you. Please contact the ADA Coordinator at (352) 337-6237 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 1-800-955-8770 via Florida Relay Service.**