# EXHIBIT 2

IN THE CIRCUIT COURT
OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

EXACTECH MASTER CASE            CASE NO.: 01-2022-CA-2670

_____/

## ORDER COORDINATING EXACTECH HIP, KNEE, AND ANKLE IMPLANT CASES

Pursuant to the Order Setting Hearing on Motion for Pre-Trial Coordination of all Exactech Cases, and good cause appearing, the Court hereby ORDERS that said Motion is GRANTED as follows:

**1.** Plaintiff and Defendants introduced this proposed coordination to the Court via joint motion.

**2. Coordination:** The Court agrees with the Parties that the coordination of cases arising out of the implantation of hip, knee, and ankle implants manufactured and sold by the Defendant is in the interest of efficiency, consistency, and judicial economy.

**3. Coordination Process:** The above-captioned case and all other related cases filed in the Eighth Judicial Circuit of Florida, in Alachua County, Florida involving Exactech hip, knee, and ankle implants, including those listed below, and any other such cases filed before or after the date of this Order, are hereby required to be coordinated consistent with this Order before the Honorable Donna M. Keim.

    a. The Clerk is directed to automatically transfer all such cases to this Court.

    b. To the extent any such case is not automatically transferred by the Clerk prior to the filing of any answer by Defendant, Defendant is required to file, along with any answer in such case, a "Notice to Clerk: Coordinated Action." Such Notice should indicate the existence of this Coordinated proceeding, provide a

copy of this Order, and indicate that the Clerk is to transfer such case in accordance with this Order. Upon filing of such Notice, the Clerk in such case is directed to immediately transfer such case to this Court.

c. Any litigant who believes a case was transferred or coordinated in error may move this Court for relief.

**4.     Pending cases to be coordinated:**

| No. | Case No. | Plaintiff | Filed Date | Judge | Division |
|---|---|---|---|---|---|
| 1 | 2021 CA 001555 | Freeze | 6/08/21 | Keim | J |
| 2 | 2021 CA 003369 | Drohan | 11/22/21 | Keim | J |
| 3 | 2022 CA 000690 | McGraw, Shultz, Higgenbotham | 3/9/22 | Keim | J |
| 4 | 2022 CA 000715 | Rosati | 3/10/22 | Keim | J |
| 5 | 2022 CA 000983 | Walker | 4/1/22 | Keim | J |
| 6 | 2022 CA 000984 | Simon | 4/1/22 | Keim | J |
| 7 | 2022 CA 000985 | Newman | 4/1/22 | Keim | J |
| 8 | 2022 CA 000986 | Bearb | 4/1/22 | Keim | J |
| 9 | 2022 CA 000987 | Davee | 4/5/22 | Keim | J |
| 10 | 2022 CA 000988 | Abshire | 4/1/22 | Keim | J |
| 11 | 2022 CA 000990 | Khanna | 4/1/22 | Keim | J |
| 12 | 2022 CA 000992 | Tullier | 4/1/22 | Keim | J |
| 13 | 2022 CA 000993 | Pearson | 4/1/22 | Keim | J |
| 14 | 2022 CA 001042 | Hoover | 4/8/22 | Keim | J |
| 15 | 2022 CA 001238 | McCoppin | 4/22/22 | Keim | J |
| 16 | 2022 CA 001274 | Irby, Mounts | 4/27/22 | Keim | J |
| 17 | 2022 CA 001651 | Brodbeck | 6/2/22 | Keim | J |
| 18 | 2022 CA 001673 | Elder | 6/6/22 | Keim | J |
| 19 | 2022 CA 001776 | Groth | 6/15/22 | Keim | J |
| 20 | 2022 CA 001777 | Romero | 6/15/22 | Keim | J |
| 21 | 2022 CA 001778 | Olivier | 6/15/22 | Keim | J |
| 22 | 2022 CA 001779 | Mayeux | 6/15/22 | Keim | J |
| 23 | 2022 CA 001787 | McManus | 6/15/22 | Keim | J |
| 24 | 2022 CA 001788 | Salas | 6/15/22 | Keim | J |
| 25 | 2022 CA 001790 | Allen | 6/15/22 | Keim | J |
| 26 | 2022 CA 001800 | Perry | 6/15/22 | Keim | J |
| 27 | 2022 CA 001813 | Domengeaux | 6/16/22 | Keim | J |
| 28 | 2022 CA 001876 | Dalomba | 6/22/22 | Keim | J |
| 29 | 2022 CA 002041 | Steele | 7/11/22 | Keim | J |
| 30 | 2022 CA 002121 | Brunson | 7/18/22 | Keim | J |
| 31 | 2022 CA 002305 | LeBlanc | 7/29/22 | Keim | J |

| 32 | 2022 CA 002451 | Checker | 8/11/22 | Keim | J |
| 33 | 2022 CA 002452 | Gola | 8/11/22 | Keim | J |
| 34 | 2022 CA 002453 | Greiner | 8/11/22 | Walker | J |
| 35 | 2022 CA 002454 | Gress | 8/11/22 | Keim | J |
| 36 | 2022 CA 002455 | Pulizzi | 8/11/22 | Keim | J |
| 37 | 2022 CA 002456 | Ryan | 8/11/22 | Keim | J |
| 38 | 2022 CA 002457 | Zurovchak | 8/11/22 | Keim | J |
| 39 | 2022 CA 002525 | Williams, Sr. | 8/17/22 | Keim | J |
| 40 | 2022 CA 002652 | Bretts | 8/29/22 | Keim | J |
| 41 | 2022 CA 002659 | Depew | 8/31/22 | Keim | J |
| 42 | 2022 CA 002661 | Karl | 8/31/22 | Keim | J |
| 43 | 2022 CA 002662 | Watkins | 8/31/22 | Keim | J |
| 44 | 2022 CA 002670 | Master Case No. | 8/31/22 | Keim | J |
| 45 | 2022 CA 002696 | Adams | 8/31/22 | Keim | J |
| 46 | 2022 CA 002697 | Arrington | 8/31/22 | Keim | J |
| 47 | 2022 CA 002698 | Aultman | 8/31/22 | Keim | J |
| 48 | 2022 CA 002699 | Daigle | 8/31/22 | Keim | J |
| 49 | 2022 CA 002701 | Granger | 8/31/22 | Keim | J |
| 50 | 2022 CA 002702 | Marceaux | 8/31/22 | Keim | J |
| 51 | 2022 CA 002707 | Karcher | 9/2/22 | Keim | J |
| 52 | 2022 CA 002708 | Donovan | 9/2/22 | Keim | J |
| 53 | 2022 CA 002718 | Miller | 9/2/22 | Keim | J |
| 54 | 2022 CA 002746 | Maurillo | 9/2/22 | Keim | J |

    **5.**    **Master Docket:** The master caption and docket for the coordinated actions shall be styled as *Exactech Master Case v Exactech*, and assigned case number 01-2022-CA-002670. Each filed case shall continue to have its own caption and docket number.

    a. The Parties and Court will utilize this Master Docket for any pleadings, motions or other filings which relate to all cases or to issues shared among multiple cases.

        i. Any document filed in the Master Docket that relates to all coordinated cases should:

            1. Identify the Master Docket Name and number in the style, and

            2. Include the notation that such filing relates to "All Cases."

                3. Such documents will be deemed filed in every coordinated case.

      ii. If a document is filed in the Master Docket that relates to a group of specific cases, but not all cases, the Case Style should:

                1. Include the Master Docket name and number in the style, *and*

                2. Include the notation "Relates Specifically To" followed by the case numbers for the applicable cases.

                3. Such documents will be deemed filed in only the specifically identified cases.

  b. Filings that relate solely to such individual cases should not be filed in the Master Docket and should instead be filed only in the captioned individual case impacted by the filing.

**6.** **Case Management Conferences:** This Court will conduct monthly, one-hour, Case Management Conferences pursuant to the below schedule. The parties shall appear by zoom via the zoom link below for all Case Management Conferences. The Court may amend this schedule as needed.

    a. https://zoom.us/j/91883402255?pwd=Z1FncEpIVWU3SUhkekoreFdJQVQ3QT09
Meeting ID: 918 8340 2255
Passcode: 715012
Telephone No. 786 635 1003

      September 23, 2022, at 9:00 am
      October 21, 2022, at 9:00 am
      November 17, 2022, at 9:00 am
      December 29, 2022, at 9:00 am
      January 30, 2023, at 9:00 am
      February 28, 2023, at 9:00 am
      March 28, 2023, at 9:00 am
      April 28, 2023, at 9:00 am

      May 24, 2023, at 9:00 am
      June 29, 2023, at 9:00 am
      July 28, 2023, at 9:00 am
      August 29, 2023, at 9:00 am
      September 28, 2023, at 9:00 am
      October 30, 2023, at 9:00 am
      November 29, 2023, at 9:00 am
      December 28, 2023, at 9:00 am

b. Discovery and substantive Motions may be considered at a Case Management Conference as long as the Motion may be heard within the one hour allotted, the Motion contains a good faith certification, and the Motion is filed at least 20 days prior to the Case Management Conference. A response to the Motion is due 10 days after the date on which the underlying motion is served, unless the response date falls on a weekend, in which case the response is due the following business day. The Court may choose not to hear such a Motion at a Case Management Conference and may require the parties to schedule separate hearing time for such Motion. The parties shall deliver hard copies of all case law relied upon to the Court no later than 7 days prior to the Case Management Conference

c. The Court recognizes that its guidance may be necessary on certain issues to avoid motion practice. The Parties are therefore required to provide to the Court, at least seven days prior to any Case Management Conference, an Agenda of items for discussion, including any motions ripe for the Court's determination. Issues not identified on the Agenda will not be considered by the Court. Motions that are not ripe for the Court's determination may not be listed on an Agenda. If the issue which the parties wish for the Court to

5

      address involves argument as to opposing legal positions, then the issue shall be raised in a Motion with supporting legal memorandum.

d. If no Agenda is provided to the Court at least seven days prior to any Case Management Conference, and the Court has not Ordered the Parties to appear at the Case Management Conference for any other reason, such Case Management Conference will be deemed unnecessary and will be cancelled.

e. The Parties are directed to inform the Court as soon as practicable if any Case Management Conference should otherwise be cancelled.

f. To the extent the parties wish to have a court reporter present for the Case Management Conference, they shall confer and agree on cost sharing associated with court reporter retention.

    **7.** **Plaintiff Leadership**: The Court Orders the Plaintiffs in this coordinated litigation to appoint leadership counsel who will have authority to appear before this Court on behalf of all coordinated litigants. Notice of appointment of such leadership counsel must be filed no less than five days before the next Case Management Conference after entry of this Order.

    **8.** **Electronically-Stored Information ("ESI")**:

a. The Parties met and conferred on an ESI Protocol for use in this litigation and provided the Court with an ESI Protocol that is agreed upon except as to one issue: Whether PowerPoint files are to be produced natively. After reviewing the Parties' proposed language and hearing arguments, the Court orders that PowerPoint files may be produced in .tiff format (non-natively) so long as Defendants identify, at the time of production, any PowerPoint files

6

       containing animations. Plaintiffs may then request such PowerPoint files in native format.

  b. Consistent with the above ruling, the Parties are required to provide a Proposed Order on ESI Protocols within five days of this Order.

**9.  Protective Order:**

  a. The Parties met and conferred on a Protective Order for use in this litigation and provided the Court with a Proposed Order with numerous areas of disagreement. The Court considered one such area of disagreement, namely whether the Protective Order should include provisions for both "Confidential" and "Highly Confidential" designations. After reviewing the Parties' proposed language and hearing arguments, the Court orders that the Protective Order governing these coordinated cases will include a single level of confidentiality. The Parties may move the Court for leave for additional protection if needed.

  b. The Parties are otherwise directed to continue to meet and confer on the Protective Order in an attempt to resolve any identified disagreements that remain and to provide a Proposed Protective Order for the Court's entry no later than five days prior to the next Case Management Conference. Any areas of disagreement that remain should be identified in similar fashion to what was previously provided to the Court. Such disagreements will be ripe for resolution by the Court at the next Case Management Conference.

**10.  Other Pre-Trial Orders:**  The Court is aware that the Parties have made significant efforts to agree on a variety of issues related to proposed orders regarding a pre-trial

discovery process, scheduling order, mediation plan, and preservation order. The Parties are directed to continue to meet and confer to narrow any remaining disagreements ahead of the next Case Management Conference. All such proposed orders must be provided to the Court no less than 5 days before the next Case Management Conference, and thereafter shall be ripe for resolution by the Court at the next Case Management Conference.

**11. Notice:** Upon notification of the creation of the Exactech Master Case, all attorneys in the cases identified above shall file a notice of appearance in the Exactech Master Case for purposes of establishing an accurate e-service list in the master case. For any cases filed after the date of this order, upon receiving notification of the Exactech Master Case, counsel shall immediately file a notice of appearance in the Exactech Master Case which shall include the style and case number of the new case. In all Exactech cases filed after the entry of this Order by any counsel not served with this Order, counsel for Defendant shall file a "Notice of Master Case and Coordinating Order" contemporaneously with the filing of Defendant's Answer or Notice of Appearance in the new case which shall 1. indicate the existence of this Coordinated proceeding, 2. provide a copy of this Order, and 3. notify new counsel of the requirement that they immediately file a Notice of Appearance in the Exactech Master Case.

**12. First Trial:** Phillip Bradley Freeze and Rachel Kelley Freeze vs. Exactech, Inc., has been scheduled for trial beginning Nov. 6, 2023.

DONE AND ORDERED in Chambers, Gainesville, Alachua County, Florida on this Wednesday, September 14, 2022.

01-2022-CA-002670 09/14/2022 03:54:45 PM

_____

Donna M. Keim, Circuit Judge
01-2022-CA-002670 09/14/2022 03:54:45 PM

CERTIFICATE OF SERVICE

      I DO HEREBY CERTIFY that a true and correct copy of the above has been e-filed through the e-portal and a copy of same has been provided to the below parties on this Wednesday, September 14, 2022.

Ilayas Sayeg
ISayeg@mctlaw.com
mpowell@mctlaw.com
lwilliams@mctlaw.com

Bradley Shapiro
christina.berrios@bowmanandbrooke.com
bradley.shapiro@bowmanandbrooke.com
estela.martinez@bowmanandbrooke.com

Kirk Carter
kirk.carter@bowmanandbrooke.com
sheryl.bjork@bowmanandbrooke.com
gina.sinn@bowmanandbrooke.com
lauren.russ@bowmanandbrooke.com

Joseph Saunders
joe@saunderslawyers.com
carol@saunderslawyers.com

Michael Sechrest
emesin@fbswlaw.com
sechrest@fbswlaw.com
ltraino@fbswlaw.com

Steve Rothenburg
steve@rothenburglaw.com
dawn@rothenburglaw.com

Joseph Johnson
johnsonteam@searcylaw.com
jjohnson@searcylaw.com
kaguilera@searcylaw.com
eacosta@martinbaughman.com
moden@martinbaughman.com

Scott Orsini
gwilliamson@farr.com
jbradsher@farr.com
ctout@farr.com

George T Williamson
gwilliamson@farr.com
jbradsher@farr.com
ctout@farr.com
kbuchanan@hmglawfirm.com
nsmith@hmglawfirm.com

Calvin Warriner
ccw@searcylaw.com
clb@searcylaw.com
ccwteam@searcylaw.com

Andrew G Moore
andrewmoore@forthepeople.com
dmanos@forthepeople.com

Michael Goetz
mgoetz@forthepeople.com

Aimee Adams
aimee.adams@bowmanandbrooke.com

9

01-2022-CA-002670 09/14/2022 04:05:31 PM

*signature*

Theresa Hall, Judicial Assistant
01-2022-CA-002670 09/14/2022 04:05:31 PM