# EXHIBIT 4

IN THE CIRCUIT COURT
OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

*Exactech Master Case*

Master Case No. 2022 CA 002670
*Applies to All Cases*

## PROTECTIVE ORDER

By approval of this Court, to preserve, protect and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced in this litigation ("Litigation"), the terms of this Protective Order are as follows:

1. **The Sunshine in Litigation Act:** Should a party or the Court raise the applicability of the Sunshine in Litigation Act, the parties agree that the provisions of the Act will supersede the terms of this Protective Order.

2. The terms and conditions of this Order shall govern documents, depositions, deposition exhibits, discovery responses, written material, electronic data, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise), given or exchanged by and among any and all of the parties and non-parties to this Litigation in connection with discovery or voluntary exchange of information in this Litigation ("Discovery Material").

3. The term "Designating Party" as used herein shall mean the person or party who produces the Discovery Material or the party who chooses to designate Discovery Material produced by or originating with any non-party.

4. Discovery Material produced by the Designating Party in this case and labeled "CONFIDENTIAL" shall be designated as follows:

1

    a.    The Designating Party shall have the right to designate any Discovery Material as "CONFIDENTIAL" to the extent that it believes in good faith that such Discovery Material contains or reflects confidential, commercially sensitive, proprietary, or privileged information or which is protected by a right to privacy or any other applicable privilege or right related to confidentiality or privacy <u>under Florida Law</u>. ("Confidential Material").

    b.    Mass, indiscriminate, global, or routinized designations and designation challenges are prohibited. Counsel for a Designating Party has an obligation to review Designations to ensure that there is a good faith basis for each Designation. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation. Counsel for Challenging Party has an obligation to ensure there is a good faith basis for each Designation Challenge.

5. Confidential Material shall be designated by the Designating Party placing the legend "CONFIDENTIAL" on each page of the document containing Confidential Material prior to production. The Designating Party shall employ reasonable efforts to ensure that substantive content of any document is not obscured through the application of such legend.

    a.    With respect to documents produced by a non-party, either party may designate such documents as Confidential Material by (i) placing the legend "Confidential" on each page containing Confidential Material after

        receiving the production from the non-party or the party who directly receives the production from the non-party; or (ii) identifying in writing, by bates number, the documents to be treated as Confidential Material. The failure of a non-party to designate a document it produces as Confidential Material shall in no way affect the right of either party to so designate the document.

    b.    With respect to depositions or hearings, designation of the transcript or a portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement on the record during the course of the deposition or hearing as to which portion(s) are being designated or by a statement in writing sent to all counsel of record within thirty (30) business days after receipt of the certified transcript, in which the Designating Party shall identify which portions of the transcript (by page and line designations) contain Confidential Material. The parties may modify this procedure for any particular deposition or hearing through agreement on the record at such deposition or hearing, without further court order.

6.    **Use at Trial:** Except for trial, Confidential Material shall be used, shown, or disclosed only as provided in this Order. However, nothing in this Order shall limit a Party's use or disclosure of its, his, or her own information designated as Confidential Material. The use of Confidential Information at trial shall not be governed by this Order.

7.    **Challenge to Confidentiality Designation:** A Party receiving Discovery Material shall not be obligated to challenge its designation as Confidential Material under this Order at the

time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party elects to challenge the designation of any Discovery Material as Confidential Material, such party ("Challenging Party") shall do so in good faith and must begin the process through notice provided in writing to counsel for the Designating Party identifying the challenged documents with specificity, including Bates-number where available, and identifying the basis for each challenge. After receipt of this written notification, the Producing Party will have an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) days of receiving such a challenge, the basis of the designation. If that does not resolve the dispute over the designation:

    a. The Challenging Party must file a Notice of Challenged Information with the Court identifying by Bates number the specific documents being challenged, with a short description of the document and the basis for the challenge to each. The Challenging Party will use its best efforts to consolidate challenges into as few notices as practicable to save resources both for the Parties and the Court.

    b. Within fourteen (14) days of the Notice of Challenged Information, the Producing Party must file a Motion to Protect Confidentiality and specify, if any, which documents are no longer being maintained as confidential.

    c. Within seven (7) days of the Motion for Protect Confidentiality, the Challenging Party must file an opposition and specify, if any, which documents are no longer being challenged as confidential.

   d. Within seven (7) days, the Producing Party may file a reply and specify, if appropriate, which documents are no longer being maintained as confidential.

   e. The burden of proof as to a designation of Confidential Information rests on the Designating Party to demonstrate that such designation is proper.

   f. Challenged document(s) will continue to be treated as designated pending: (a) determination by the Court as to the confidential status, including as to any appellate remedies; or (b) withdrawal of the designation in writing by the Designating Party.

 8. Confidential Material and any copies thereof shall be maintained as confidential by the persons authorized to receive the documents pursuant to Paragraph 9, and shall be used only for prosecuting, defending, or attempting to settle any Exactech medical device claim involving a hip, knee, or ankle implant, subject to the limitations set forth herein.

 9. Information designated as Confidential Material may be disclosed only to the following qualified persons:

   a. Exactech's in-house attorneys working on this matter, including those working under their supervision and direction;

   b. The parties in this Litigation, including their present officers, directors and employees deemed necessary to aid counsel in the prosecution or defense of this Litigation;

   c. The Parties' counsel of record in this Litigation, and attorneys, paralegals and other support staff employed by such counsel who are assisting in the conduct of this Litigation;

d.  Professional vendors and other persons providing litigation support services to any party to this litigation or its counsel, including translators, photocopying, data processing and hosting, document review, graphic production, jury research, or trial preparation services;

e.  Experts or non-attorney consultants (and employees of such experts or consultants) retained by any party or attorney to assist with the Litigation, provided that no disclosure shall be made to any expert or consultant who is a current employee of a competing manufacturer or distributor of hip, ankle, or knee implants.

f.  the Court, court personnel, including stenographers, and the jury in this Litigation;

g.  Court reporters or videographers involved in a deposition in this matter;

h.  Any mediator, facilitator or special master and their direct staff agreed upon by the parties;

i.  Noticed or subpoenaed witnesses (and their counsel) at any deposition or trial in this Litigation or in preparation for their testimony at deposition or trial;

j.  Custodians, authors, and recipients of an item of Confidential Material;

k.  In the case of Confidential Material produced by or originating with a non-party, the non-party who produced such Material;

l.  Counsel in this coordinated proceeding may share confidential documents produced by Exactech with: (1) other counsel in this coordinated proceeding; and (2) counsel with cases coordinated in any related Federal

6

      Multi-District Litigation. No other sharing of Exactech's confidential information shall be permitted without first obtaining written permission from Exactech.

  m. Any other persons to whom the Designating Party agrees after meeting and conferring, or to whom the Court specifically allows disclosure after application by the party seeking such disclosure and an opportunity to reply by the Designating Party.

  10. Persons identified in Paragraphs 9(d), (e), (g), (h), (i), (j), (k), (l), and (m) above shall not be granted access to Confidential Material, as permitted herein, until such persons have read this Order and agreed to be bound by its provisions by signing the Agreement to Maintain Confidentiality attached hereto as Exhibit A or testify on the record at a deposition or hearing that they have read and agree to be bound by the terms of this Protective Order. Counsel for the party providing such persons who are required to sign Exhibit A with access to Confidential Material shall be responsible for maintaining copies of the Agreement to Maintain Confidentiality executed by them along with a record of documents provided to each such person(s). Except as to privileged information, the Designating Party may move this court for disclosure of the names of witnesses to whom Confidential Material was shown, along with a record of documents provided, upon a showing of good cause of a violation of this Protective Order.

  11. A party producing documents ("Producing Party"), whether or not such documents contain Confidential Material, may produce documents in this litigation that contain Personally Identifying Information ("PII") of certain individuals. While a Producing Party may but is not required to redact PII, redacting certain PII may be unduly burdensome, and thus such

Party may choose to not redact PII in all documents produced. The parties agree that any PII contained in documents produced in this litigation shall be treated as containing Confidential Material, pursuant to the terms of this Order and that a failure to redact PII shall not be construed as a waiver by the parties of their position that PII is and will be considered Confidential in this case.

12. All documents that are filed with the court containing any portion of Confidential Material or information taken from any Confidential Material shall be filed under seal by following the protocols for sealing in this Court.

   a. The Party filing the motion containing "Confidential" Material (hereafter referred to as "underlying motion") is required to file the confidential information under seal in accordance with the trial court's administrative rules regarding the sealing of records until such time as the Court addresses and rules on the designation as set forth in subparagraph (b), if at all.

   b. To the extent any Party or other entity challenges whether such information should be treated as confidential or should otherwise be sealed from the public, the Designating Party shall have the burden of justifying that the Materials should be sealed.

   c. Except for good cause, the Parties agree not to oppose motions to seal under this Paragraph.

13. The production of documents or information containing Confidential Material that should have been designated as such, but were not when initially produced, shall not be deemed a waiver in whole or in part of the Designating Party's claims of confidentiality. In the event

that a party produces a document without a confidentiality designation as permitted by this Order, such party shall, within ten (10) business days of the discovery of the disclosure, notify the other parties in writing and provide a replacement production for the document and an overlay with the new confidentiality designation in the appropriate metadata field.  The party receiving such notice shall promptly certify destruction of the improperly designated document, including all copies thereof. The production of such document does not constitute a waiver of any claim of confidentiality unless otherwise ordered by the Court.

14. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Material, that party must promptly notify in writing the Designating Party unless prohibited by law from doing so.  Such notification shall include a copy of the subpoena or court order; promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Material may be affected.  If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

15. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and without

prejudice to the rights and remedies of the Designating Party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16. If a Producing Party discloses information in connection with the pending litigation that the party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection or any other applicable privilege ("Identified Materials"), the disclosure of the Identified Materials shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that such party would otherwise be entitled to assert with respect to the Identified Materials and its subject matter in this proceeding or in any other federal or state proceeding.

17. The Parties will adhere to the following procedures with regard to the production of Identified Materials, should that occur:

    a. After the Producing Party discovers that Identified Materials have been produced, the Producing Party shall reasonably notify the Receiving Party, in writing, of the production. Such notice will provide a privilege log for the identified materials.

    b. After such notice is provided, the Identified Materials and all copies of those materials shall be destroyed or deleted, on request of the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

    c.    The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

    d.    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The Receiving Party must take reasonable steps to retrieve the Identified Materials if the Receiving Party disclosed the Identified Materials before being notified.

    e.    Nothing in this Order limits or otherwise modifies an attorney's ethical responsibilities with respect to the review or disclosure of privileged information.

    f.    The Party destroying the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

18. No provision of this Protective Order shall constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. No provision of this Protective Order is intended to waive or limit in any way either Party's right to contest any privilege claims

that may be asserted with respect to any of the documents produced except to the extent set forth herein.

19. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this Litigation, including any appeals.

20. This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the Parties, or by order of the Court. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

21. Within 90 calendar days of the final determination of this Litigation, through reasonable efforts, all Confidential Material, including all hard and electronic copies, derivations, and summaries thereof, shall be destroyed or deleted, with a written certification of such secure destruction or deletion provided to the Designating Party or third party. This includes the secure destruction or deletion of Confidential Material provided to any person, including independent experts. Confidential Material that may exist on any back up media must also be destroyed or deleted within 90 calendar days of the final determination of this Litigation.

    a. For purposes of this provision, the "final determination of this Litigation" shall mean the later of: (a) the date of a jury verdict or bench trial order in the last pending case filed by any particular law firm; (b) the day after an appeal of right is due for filing, if not filed in the last pending case filed by any particular law firm; (c) the day after a settlement in the last pending case file by any particular law firm."

22. For good cause, any Party may seek, by written agreement or motion, relief beyond that which is contemplated in this stipulation.

DONE AND ORDERED in Chambers, Gainesville, Alachua County, Florida on this Tuesday, September 27, 2022.

01-2022-CA-002670 09/27/2022 03:44:18 PM

*Donna Keim*

Donna M. Keim, Circuit Judge
01-2022-CA-002670 09/27/2022 03:44:18 PM

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above has been e-filed through the e-portal and a copy of same has been provided to the below parties on this Tuesday, September 27, 2022.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above has been e-filed through the e-portal and a copy of same has been provided to the below parties on this Tuesday, September 27, 2022.

| | |
|---|---|
| Ilayas Sayeg<br>ISayeg@mctlaw.com<br>mpowell@mctlaw.com<br>lwilliams@mctlaw.com | Bradley Shapiro<br>christina.berrios@bowmanandbrooke.com<br>bradley.shapiro@bowmanandbrooke.com<br>estela.martinez@bowmanandbrooke.com |
| Kirk Carter<br>kirk.carter@bowmanandbrooke.com<br>sheryl.bjork@bowmanandbrooke.com<br>gina.sinn@bowmanandbrooke.com<br>lauren.russ@bowmanandbrooke.com | Joseph Saunders<br>joe@saunderslawyers.com<br>carol@saunderslawyers.com |
| Michael Sechrest<br>emesin@fbswlaw.com<br>sechrest@fbswlaw.com<br>ltraino@fbswlaw.com | Steve Rothenburg<br>steve@rothenburglaw.com<br>dawn@rothenburglaw.com |
| Joseph Johnson<br>johnsonteam@searcylaw.com | Scott Orsini<br>gwilliamson@farr.com |

13

jjohnson@searcylaw.com
kaguilera@searcylaw.com
eacosta@martinbaughman.com
moden@martinbaughman.com

George T Williamson
gwilliamson@farr.com
jbradsher@farr.com
ctout@farr.com
kbuchanan@hmglawfirm.com
nsmith@hmglawfirm.com

Andrew G Moore
andrewmoore@forthepeople.com
dmanos@forthepeople.com

Aimee Adams
aimee.adams@bowmanandbrooke.com

jbradsher@farr.com
ctout@farr.com

Calvin Warriner
ccw@searcylaw.com
clb@searcylaw.com
_ccwteam@searcylaw.com

Michael Goetz
mgoetz@forthepeople.com

01-2022-CA-002670 09/27/2022 04:11:18 PM

Theresa Hall, Judicial Assistant
01-2022-CA-002670 09/27/2022 04:11:18 PM

14

**Exhibit A – Agreement to Maintain Confidentiality**

I hereby acknowledge that I will be receiving Confidential Material pursuant to the terms of a Confidentiality Stipulation and Protective Order entered by the Court in the action entitled _____. I have been given a copy of, and have read and understand, the Confidentiality Stipulation and Protective Order and I agree to be bound by the terms and conditions of that Order. I understand that (1) I am to make no copies of any such Confidential Material except as necessary for use in the above-captioned actions, and (2) such Confidential Material and any copies thereof must remain in my custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Material. I agree not to disseminate any information derived from such Confidential Material to anyone, or disclose any such information, except for the purposes of the above-captioned action or as permitted by the attached Protective Order or by further order of the Court.  I agree that my signature below submits me to the jurisdiction of the Circuit Court for the Eighth Judicial Circuit Court in and for Alachua County, Florida, in the above captioned case and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Signature: _____

Print Name: _____

Date: _____