

faegredrinker.com

**Michael J. Kanute**
Partner
mike.kanute@faegredrinker.com
+1 312 212 6510 direct

**Faegre Drinker Biddle & Reath** LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606, USA
+1 312 569 1000 main
+1 312 569 3600 fax

February 3, 2023

<u>**VIA ECF FILING**</u>

Honorable Nicholas G. Garaufis, District Judge
Honorable Marcia M. Henry, Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:   MDL No. 3044,** *In re: Exactech Polyethylene Orthopedic Products Liability Litigation,* **1:22-md-03044-NGG-MMH**

Dear Judge Garaufis and Magistrate Judge Henry:

In advance of the Science Day presentation, and pursuant to the Court's Case Management Order No. 1 (Dkt. 87), Plaintiffs' Lead Counsel and the Exactech Defendants (collectively the "Parties") jointly submit proposed dates for Science Day and outline their proposed Science Day Protocol for the Court's consideration and adoption. The Parties also request the Court's guidance on whether outside expert witness testimony or attorney presentation is preferred by the Court because the Parties have not been able to reach an agreement on the manner of presentation at Science Day.

The Parties request a date in mid-April for Science Day. If it is convenient for the Court's calendar, in coordination with Judge Keim, the Parties propose one of the following dates: April 4, 18, 19 or 27. The Parties agree that Science Day should proceed either in person in the Courthouse in Brooklyn with Judge Keim participating remotely, or if the

US.355513184.01

Court is willing, proceed in person at the federal Courthouse in Gainesville, Florida (if feasible), so that the judges from both coordinated proceedings may attend in person.[1]

The Parties agree to the following Science Day Protocol:

- This is Science Day, a time for education on the science issues and not advocacy.

- The Parties shall provide to the Court a joint submission with general background of the case and a glossary of terms on February 3, 2023.

- The Parties will separately offer additional information to the Court regarding the products at issue and the science relevant to this litigation in-person and off-the-record at a Science Day on a day selected by the Court.

- Each side will make presentations which may incorporate the use of PowerPoints, articles, publicly available scientific data, or other demonstrative aids, which will not be exchanged by Parties in advance of Science Day, but will be provided to the Court and exchanged by the Parties at the close of Science Day. Neither confidential Defendant company documents nor Plaintiffs' medical records shall be presented or offered to the Court during Science Day.

---

[1] Lead counsel for both parties had experience in the Ortho Evra MDL, where the late Judge David Katz travelled to federal courthouse in Newark, NJ from Toledo, Ohio, to facilitate a joint science day. As explained by Judge Barbara Rothstein in Managing Multidistrict Litigation in Products Liability Cases A Pocket Guide for Transferee Judges (2011): "Judge David A. Katz scheduled a 'Science Day' at the Newark federal courthouse and invited state court judges handling similar cases. Approximately 125 attorneys attended, as did the New Jersey state court judge overseeing the related New Jersey state court litigation. See Case Management Order No. 19, N.D. Ohio, No. 1:06 cv40000 (June 12, 2007) (doc. no. 124); MDL No. 1742, In re: Ortho Evra Prods. Liab. Litig."

- Science Day presentations will be for the Court's benefit to gather information about the products and the science. The Federal Rules of Evidence will not be enforced during the presentations. It shall be "off the record," and closed to any person other the Parties or counsel for the Parties attending the session live, and the Court of Alachua County attending live or remotely. No recording of the presentation or telephonic access will be permitted; however, the Court may have the proceedings videotaped at its discretion for viewing in Chambers.

- No demonstrative aid or party statement or any party of the Science Day presentation shall be discoverable, admissible, used beyond the sole purpose of Science Day or shared beyond this MDL, or used for any purpose other than for this Court's benefit to gather background and technical information informally.

<u>The parties disagree as to whether the presentations should be made by counsel or by retained experts and set forth their respective positions below.</u>

**Defendants' Position:**

During the initial Status Conference, the Court stated:

[I]t would be useful…to receive some technical information that doesn't go to liability or to reach conclusions as to whether there's premature wear of a particular device, but what are these devices and what are they advertised for or intended to do. Now, this can be done -- you can provide this to us in one of two ways.  Either can you agree to provide us jointly with certain information, or if you can't agree, you can separately provide us with that kind of information in a submission that is not evidence, that will not be used at trial, that we will only use to get some basic information about what the subject matter is of this MDL.  And if you object to that, let me know, but I think it would be useful since

3

>especially for Judge Henry, in the initial stages, so that she has, you know, a certain amount of information about what we're dealing with here. So, you can meet ask confer about that and we'd appreciate whatever you can to in that regard[.]

(Transcript, 11/16/22, p. 18). As the Court is aware, the Parties worked together successfully to negotiate many case management requirements and Court requests following the status conference. Relevant here, the Parties agreed to propose a Science Day presentation to the Court, and the Court adopted the Parties proposal in Case Management Order No. 1: "The parties shall meet and confer on the protocol for an in-person, off-the-record background tutorial regarding the products at issue and science relevant to this litigation." (Dkt. 87.)

As this submission shows, every Science Day is different, designed with the specific facts underlying the litigation and the areas of medicine in mind. The Science Days in orthopedic device litigation typically have not included expert presentations. Instead, Science Days in orthopedic device litigation have been limited to attorney presentation on the basics. This is an efficient and cost-effective way of presenting information to the Court, and the attorneys on both sides here are well-positioned to present the basic, fundamental information appropriate for Science Day, given that they have served as counsel in numerous MDLs comprising thousands of cases involving total joint replacement products over the past two decades.

What the Plaintiffs propose seems more like a mini-trial with testimony from four of their chosen experts, rather than offering a presentation on the basics of anatomy, total joint replacement, and the products at issue to help the Court get up to speed. Given that Plaintiffs have represented that they intend to call experts who can present their

4

experience "implanting and/or explanting the devices at issue," it is reasonable to assume that these particular experts may include treating physicians of the individual Plaintiffs (whose medical records Exactech has not seen), and that since Plaintiffs have proffered these experts, that their experiences and thoughts are likely calculated to bolster the merits of Plaintiffs' claims, not to help the Court develop fluency on the basics.

Exactech can and will meet Plaintiffs' expert testimony and science with their own to demonstrate the clinical and engineering success of its products, but the proper format for that battle is not at Science Day before any discovery on the merits, but rather after full discovery; with the benefit of both public and non-public information (including internal company research and individual Plaintiffs' medical records); and after Plaintiffs and their experts provide full notice and disclosure of their opinions under Fed. R. Civ. P. 26(a)(2) – a rule designed to ensure that defendants have a fair opportunity to prepare their expert cases and avoid the prejudices that can result from the plan Plaintiffs propose now.

As stated in the Federal Judicial Center's *Tutorials on Science and Technology,* "the court should reiterate as needed that science tutorials should remain educational and should not digress into a 'battle of the experts' or a 'Daubert hearing dress rehearsal.'"[2] Notably, this event will occur very early in the life of this MDL, long before expert disclosures and the other protections and notice afforded to the parties. Certainly, both sides can point to examples of MDLs where Science Days were presented by either expert witness testimony or attorney presentation, and counsel for both parties have proceeded

---

[2] *Tutorials on Science and Technology*, Melissa Whitney, Federal Judicial Center Pocket Guide Series, p. 11 (2018)

US.355513184.01

under both fashions based on *ad hoc* determinations and agreement of the parties, which were informed by the particulars of each litigation. Here, considering the early stage of this MDL and the Defendants' understanding of the Court's request for technical information about the devices, their intended use, and basic information about the subject matter of the MDL, the Court should limit party presentations to attorney presentation only as part of the Science Day Protocol consistent with other recent MDL Science Days involving orthopedic devices in their early stages (*See, e.g.*, In Re: Zimmer M/L Taper Hip Prosthesis with Kinectiv Technology and VerSys Femoral Head Product Liability Litigation, No. 1:2018mc02859 (S.D.N.Y.); In Re: Zimmer NexGen Knee Implant Products Liability Litigation, No. 1:11-cv-05468 (N.D. Ill.) (Attorney presentation only at Science Day for orthopaedic hip implant product liability litigation). If, after the attorneys' presentations at Science Day, the Court believes that further presentation is needed in the form of expert testimony, the Court can always request supplemental presentations later this year and, in fairness provide for staggered written disclosures of the intended expert content for those presentations, so that Exactech has the time and notice necessary to meet Plaintiffs' experts' testimony with that of its own experts.

**Plaintiffs' Position:**

Plaintiffs agree that the purpose of Science Day is for education and not argument. Thus, in this context, since implant orthopedics and related scientific issues is the subject matter, the education should come from experts, and not attorney advocates. Plaintiffs believe it would aid the Court to hear from an orthopedic surgeon who has implanted and or explanted the devices at issue, potentially an expert on

6

polyethylene (manufacture, storage and degradation potential), pathologist, as well as a biomechanical engineer. Plaintiffs would propose up to four experts and suggest that each side has a maximum of two and a half hours for their presentations, leaving time for the Court to query the experts. If defendants prefer not to call an expert, they should be free to have attorneys present instead. But plaintiffs want the court to have the ability to learn and ask, and plaintiffs believe in this context, live expert presentations would be more informative. Further, since this MDL selected leadership in part to provide opportunities to younger lawyers to learn about MDL practice, it would be beneficial for them to observe actual experts presenting the science so they too can better appreciate the medical and technical issues.

Notably, counsel for both parties have been involved in science days where experts were presented. In the *In Re: Xarelto (Rivaroxaban) Prods Liab. Litig.*, managed by Judge Eldon Fallon, Ms. Sharko negotiated PTO 18 CMO which stated "[t]he presentations shall be made by physicians and scientists. The presenters will not be questioned by each other or opposing counsel. The Court will have the opportunity to ask questions of the experts as the Court deems appropriate." Case 2:14-md-02592-EEF-MBN Document 925 Filed 05/21/15. Similarly, *In Re: Invokana Litigation was* managed by Judge Brian Martinotti in the District of New Jersey, and CMO 5 stated "[t]he presentations may be made by the Parties' attorneys and/or experts or a combination. The presenters will not be questioned by each other or opposing counsel. The Court will have the opportunity to ask questions of the presenters as the Court deems appropriate. Nothing in this paragraph should be

7

read to mean that the Parties' are required to present with an expert" Ellen Relkin, co-lead counsel herein, was on the Executive Committee of that litigation and can represent that both Plaintiffs and Defendants called witnesses in Court.

Of note, in this District, the late Judge Jack Weinstein stated "to address the court's current lack of knowledge about website design and the assistive technologies used by the blind, the court will hold a 'Science Day' featuring testimony from expert witnesses." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 403 (E.D.N.Y. 2017). There are numerous other examples of various permutations of live expert presentations, lawyer presentation or a combination thereof. Plaintiffs appreciate the time this Court and Judge Keim will be devoting to this litigation and believe they will better appreciate the issues they will see in briefing and eventual trial, by live education from experts at an early juncture.

The Parties look forward to the opportunity of presenting at a Science Day with this Court and hopefully Judge Keim.

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**

*/e/ Ellen Relkin*
Ellen Relkin
700 Broadway
New York, NY 10003
T: 212-558-5500
F: 212-344-5461
erelkin@weitzlux.com

**POPE McGLAMRY, P.C.**

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Michael J. Kanute*
Michael J. Kanute
Sean J. Powell
320 South Canal Street, Suite 3300
Chicago, IL 60606
T: 312-212-6510
F: 312-569-3000
Mike.kanute@faegredrinker.com
Sean.powell@faegredrinker.com

8

US.355513184.01

| | |
|---|---|
| */s/ Kirk Pope*<br>N. Kirkland Pope<br>3391 Peachtree Road, NE<br>Suite 300<br>Atlanta, GA 30326<br>T:  404-523-7706<br>F:  404-524-1648<br>Kirkpope@pmkm.com<br><br>***Plaintiffs' Lead Counsel*** | J. Stephen Bennett<br>110 West Berry Street, Suite 2400<br>Fort Wayne, IN 46802<br>T: 260-424-8000<br>F: 260-460-1700<br>Stephen.bennett@faegredrinker.com<br><br>Susan M. Sharko<br>600 Campus Drive<br>Florham Park, NJ 07932<br>T: 973-549-7000<br>F: 973-360-9831<br>Susan.sharko@faegredrinker.com<br><br>***Counsel for Defendants Exactech, Inc. and Exactech U.S., Inc.*** |

9

US.355513184.01