UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. 3044 (NGG) (MMH) <br><br>Case No.: 1:22-md-03044-NGG-MMH <br><br>**District Judge Nicholas G. Garaufis** <br>**Magistrate Judge Marcia M. Henry** <br><br>**ORDER GOVERNING ADOPTION OF THE AMENDED MASTER PERSONAL INJURY COMPLAINT AND SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

**THIS DOCUMENT RELATES TO: ALL CASES**

This Stipulated Order shall govern specific individual personal injury cases in MDL No. 3044. In light of the number of complaints filed and anticipated in this Multi-District Litigation, in order to gain efficiency in streamlining the filing process and for uniformity of complaint format, the Parties have agreed to the use of master pleadings as specified herein. This Order sets forth the procedures governing this process.

I. **APPLICABILITY OF ORDER**

    1. This Order applies to the following:

        a. Personal injury cases currently pending in MDL No. 3044 and to personal injury actions that have been or will be filed in, transferred, removed or otherwise assigned, to this proceeding (collectively, "this MDL proceeding") wherein the Plaintiff(s) only names Exactech, Inc. and/or Exactech U.S., Inc as Defendants.

        b. Personal injury cases currently pending in MDL No. 3044 and to personal injury actions that have been or will be filed in, transferred, removed or otherwise assigned, to this proceeding (collectively, "this MDL proceeding") wherein the Plaintiff's **device implantation occurred on or after February 14, 2018** AND

1

Plaintiff(s) names any of the following Defendants, TPG Inc., Osteon Holdings, Inc., Osteon Merger Sub, Inc. and/or Osteon Intermediate Holdings II, Inc.

2. This Order **does not** apply to Personal injury cases currently pending in MDL No. 3044 and to personal injury actions that have been or will be filed in, transferred, removed or otherwise assigned, to this proceeding (collectively, "this MDL proceeding") wherein the Plaintiff's **device implantation occurred before February 14, 2018** AND Plaintiff(s) names any of the following Defendants: TPG Inc., Osteon Holdings, Inc., Osteon Merger Sub, Inc. and/or Osteon Intermediate Holdings II, Inc.[1]

3. This Order is binding on all Parties and their counsel in all such applicable cases. This Order is not intended to alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as specified herein or in any subsequent Pretrial Order.

## II. MASTER PLEADINGS

4. On March 22, 2023, Plaintiffs' Leadership Counsel filed the *Amended Master Personal Injury Complaint* ("*Amended Master Complaint*") on behalf of individual personal injury Plaintiffs in this MDL proceeding.[2] The *Amended Master Complaint* sets forth allegations of fact and law common to the personal injury claims in this MDL. Nothing in this Order shall preclude Plaintiffs' Leadership from amending the *Amended Master* Complaint consistent with the Federal Rules of Civil Procedure and the orders of this Court.

5. Attached as EXHIBIT A, is a *Short Form Complaint and Demand for Jury Trial* ("SFC" or "*Short Form Complaint*"). The SFC is an abbreviated form that each individual Plaintiff who meets the requirements in Paragraph 1 above will complete indicating their individual claims and adopting the factual allegations set forth in the *Amended Master Complaint* as the basis for

---

[1] In all such instances, a Complaint must be filed in the district court where jurisdiction exists and transferred to this MDL. *See* Practice and Procedure Order No. 4, Direct Filing as to the TPG Entity Defendants [DE 194].
[2] *See* DE 164.

2

those individual claims. By this process, all allegations set forth in the *Amended Master Complaint* shall be deemed pled against all relevant parties named in each SFC.

6. Consistent with Amended Practice and Procedure Order No. 2 (Direct Filing against Exactech Defendants) and Practice and Procedure Order No. 4 (Direct Filing against TPG Defendants), an SFC shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium Plaintiffs as permitted by law and, in the event of a wrongful death action, the appropriate representative(s) of the Estate.

7. Each SFC filed in this MDL proceeding shall indicate the federal district in which the individual Plaintiff(s) originally filed or would have originally filed their Complaint.

8. SFCs are to be filed in the individual case docket, and within fourteen days of filing an SFC, Personal Injury Plaintiffs shall upload their SFC to the online MDL Centrality system accessible at www.mdlcentrality.com. As set forth in Amended Case Management Order 2 [DE 168], Plaintiffs shall file and serve the Preliminary Disclosure Form within 30 days of filing an SFC, and thereafter as set forth in the Second Amended Fact Sheet Implementation Order, Plaintiffs shall file and serve the Plaintiff Fact Sheet within 75 days of the filing of an SFC.

9. The procedures for filing the *Amended Master Complaint* and the SFC do not reflect that any Defendants have agreed to or admitted the allegations set forth in those pleadings, nor have any Defendants conceded or waived their right to dispute the legal validity of the claims alleged therein.

10. Each Plaintiff who meets the requirements in Paragraph 1 above with a case pending in this MDL as of the date of this Order, shall file an SFC within thirty (30) days of entry of this Order, naming each diverse Defendant against whom Plaintiff is asserting claims, by placing a checkmark in the box next to the Defendant's name to select each applicable Defendant against whom claims are alleged.

11. Each Plaintiff who meets the requirements in Paragraph 1 above with a case transferred into this MDL after the date of this Order, shall file an SFC within thirty (30) days of transfer into this MDL, naming each diverse Defendant against whom Plaintiff is asserting claims, by placing a checkmark in the box next to the Defendant's name to select each applicable Defendant against whom claims are alleged.

12. Each Plaintiff who meets the requirements in Paragraph 1 above with a case directly filed in this MDL[3] after the date of this Order, shall use the SFC to file their complaint, naming each diverse Defendant against whom Plaintiff is asserting claims, by placing a checkmark in the box next to the Defendant's name to select each applicable Defendant against whom claims are alleged.

13. Pursuant to the Direct Filing Orders (Practice and Procedure Orders 2 and 4), only the following claims can be directly filed in this MDL:

    a. Claims against Exactech, Inc. and/or Exactech U.S., Inc; and

    b. Claims against TPG, Inc., Osteon Holdings, Inc., Osteon Merger Sub, Inc., and Osteon Intermediate Holdings II, Inc. where the plaintiff's device implantation occurred on or after February 14, 2018.

14. The SFC cannot be used to initiate the claims described above in Paragraph 2.

15. Plaintiffs should only select Defendants, by placing a checkmark next to the Defendant's name, if diversity of citizenship exists. The Court expects that each Plaintiff and their counsel will make a carefully individualized evaluation of the basis for naming appropriate defendants in the filed SFC.

---

[3] *See* Amended Practice and Procedure Order No. 2 (Direct Filing for Exactech Defendants) [DE 74], and Practice and Procedure Order No. 4 (Direct Filing for TPG Defendants) [DE 194].

16. For purposes of calculating the statutes of limitation and/or repose as to cases filed before the date of this Order, the date that the Plaintiff first commenced an action by filing an original Complaint or other pleading, in either state or federal court, shall be deemed the relevant date of first filing not the later date when the SFC was filed.

17. A Plaintiff may file an Amended SFC at any time during the pendency of this MDL proceeding without seeking leave of court, unless the Court orders otherwise or unless the effect of the amendment would be to destroy diversity. Any amendment to an SFC shall be filed in the Plaintiff's individual case. Amended SFCs and motions to amend shall not be filed on the master MDL docket. Any amended SFC shall specify in its title, the version of the amended Complaint (*i.e.,* "FIRST AMENDED SHORT FORM COMPLAINT") and shall specify in a footnote all changes made to the prior version of the SFC, with citations to the paragraphs that have been changed. If an SFC has been amended to remove certain claims or parties, the title of the document shall include the parenthetical "(DISMISSALS INCLUDED)." For example, a second amendment to remove a Defendant would be entitled "SECOND AMENDED SHORT FORM COMPLAINT (DISMISSALS INCLUDED)."

### III. RESPONSE TO *AMENDED MASTER COMPLAINT* AND *SHORT FORM COMPLAINTS*

18. To eliminate potential delays and to promote judicial efficiency with respect to the administration of this MDL proceedings, all allegations in the SFC are deemed denied and the affirmative defenses set forth in the Master Answer adopted and the Defendants named in the *Amended Master Complaint* need not answer or otherwise respond to any individual SFC filed in this MDL proceeding until ordered to do so by the Court.

### IV. SERVICE OF PROCESS

#### A. SERVICE OF PROCESS OF THE *EXACTECH DEFENDANTS*

19. By this Order, Plaintiffs who name Defendants Exactech, Inc., and Exactech U.S., Inc. ("***Exactech Defendants***") in their SFC may effectuate service of process on each ***Exactech Defendant*** pursuant to the Practice and Procedure Order No. 3- Electronic Service Order [DE 86]. Plaintiffs serving an SFC pursuant to Practice and Procedure Order No. 3 are **not** required to serve a copy of the *Amended Master Complaint* as part of that electronic service.

**B.    SERVICE OF PROCESS OF THE TPG DEFENDANTS**

20. By this Order, Plaintiffs who name TPG, Inc., Osteon Holdings, Inc., Osteon Merger Sub, Inc., and Osteon Intermediate Holdings II, Inc. in their SFC may effectuate service of process on each TPG Defendant pursuant to the Practice and Procedure Order No. 5- Electronic Service Order [DE 195]. Plaintiffs serving an SFC pursuant to Practice and Procedure Order No. 3 are **not** required to serve a copy of the *Amended Master Complaint* as part of that electronic service.

21. Neither the existence of this Order nor any of its terms shall in any manner effect the right of any Defendant to assert defenses available under Federal Rule of Civil Procedure 12(b) or otherwise challenge the sufficiency of any claim under applicable law.

**IT IS SO ORDERED:**

DATED: April 14, 2023

s/ Nicholas G. Garaufis
_____
The Honorable Nicholas Garaufis
United States District Judge