UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. 3044 (NGG) (MMH) Case No.: 1:22-md-03044-NGG-MMH District Judge Nicholas G. Garaufis Magistrate Judge Marcia M. Henry |
|---|---|
| _____/ | |

**THIS DOCUMENT RELATES TO:**

Whitney Allen and James P. Allen, Plaintiffs.

---

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) files this Short Form Complaint and Demand for Jury Trial against the Defendants named below. Plaintiff(s) incorporates by reference the allegations, Causes of Action, and requested relief contained in the Amended Master Personal Injury Complaint filed in *In re: Exactech Polyethylene Orthopedic Products Liability Litigation*, MDL No. 3044, Case No. 1:22-md-03044 ("Amended Master Personal Injury Complaint" or "AMPIC").[1]

Plaintiff(s) further alleges as follows:

### I. IDENTIFICATION OF PARTIES

    A.     **PLAINTIFF(S)**

1. Injured Plaintiff(s): Name of the individual(s) implanted with and injured by an Exactech Device.

Whitney Allen

---

("Plaintiff(s)")

[1] Plaintiff may assert additional causes of action and/or name Defendants not otherwise set forth in the Amended Master Personal Injury Complaint. If additional causes of action are asserted and/or new Defendants named, the specific facts supporting any such additional cause of action or the naming of such additional Defendants must be pled in a manner complying with the Federal Rules of Civil Procedure. Additional pages may be attached to this Short Form Complaint, if necessary.

2. At the time of the filing of this Short Form Complaint, Plaintiff resides in the following state:

   OK

3. *Consortium Plaintiff(s):* Name of the individual(s) that alleges damages for loss of consortium:

   James P. Allen

   ("Consortium Plaintiff")

4. *Survival and/or Wrongful Death Claims:*
   a. *Representative Plaintiff:* Name of the individual filing this matter and their representative capacity (i.e. administrator or executor of estate):

   ("Representative Plaintiff")

   b. Name and state of residence of Decedent Plaintiff when he/or she died as a result of an Exactech Device related injury:

   c. Decedent Plaintiff died on the following date:

   **B.    DEFENDANTS**

BEFORE PROCEEDING – PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, AND/OR CITIZENSHIP OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS ANY PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE

5. Plaintiff(s) names the following Defendants in this action:

**Exactech Defendants**

- ☑ Exactech, Inc.[2]
- ☑ Exactech U.S., Inc.[3]

**TPG Defendants**

NOTE: Pursuant to Practice and Procedure Order No. 4 (Direct Filing Order as to TPG Entity Defendants), these entities may *only* be named as a defendant in an action DIRECTLY FILED in this Court – as opposed to an action filed in another court and transferred to this Court via the MDL statute, 28 U.S.C. § 1407 – if implantation of a device(s) identified in paragraphs 8, 15, 22 or 29 below occurred *on or after February 14, 2018* (i.e., the date identified in response to paragraphs 10, 17, 24, 31 below); otherwise, identifying one or more of the TPG Defendants below will be of no effect and it/they will NOT be a defendant in the action.

- ☐ TPG Inc.[4]
- ☐ Osteon Holdings, Inc.[5]
- ☐ Osteon Merger Sub, Inc.[6]
- ☐ Osteon Intermediate Holdings II, Inc.[7]

**Other Defendant(s)** (provide name and state(s) of citizenship for each new Defendant)

---

[2] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[3] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[4] Delaware corporation, with its principal place of business in Fort Worth, Texas, and a citizen of Delaware and Texas.
[5] Delaware corporation, with its principal place of business in Delaware, and a citizen of Delaware.
[6] Texas corporation, with its principal place of business in Florida, and a citizen of Texas and Florida.
[7] Delaware corporation, with its principal place of business in Delaware, and a citizen of Delaware.

## II.  JURISDICTION

6.  The Court has jurisdiction over this matter pursuant to:

    ☑ Diversity of Citizenship

    ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail below or on appended pages as required by the applicable Federal Rules of Civil Procedure):

## III.  VENUE / DESIGNATED FORUM

7.  Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

    United States District Court for the Northern District of Oklahoma

## IV.  PLAINTIFF'S EXACTECH DEVICE AND INJURIES

**Exactech Device 1:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

8.  Plaintiff was implanted with the following Exactech Device:

**Exactech Hip Devices**
- ☐ Connexion GXL
- ☐ Novation GXL
- ☐ AcuMatch GXL
- ☐ MCS GXL

**Exactech Knee Devices**
- ☐ Optetrak
- ☑ Optetrak Logic
- ☐ Truliant

**Exactech Ankle Device**
- ☐ Vantage

9. Leg in which the Exactech Device was Implanted:
   ☐ Right
   ☒ Left

10. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    Jan    26    2016

11. State in which the Exactech Device was implanted:

    OK

12. Date the Exactech Device was surgically removed/revised:

    Jan    9    2023

13. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

    As a direct and proximate result of the defective nature of Defendants' Optetrak device surgically implanted in Plaintiff which necessitated premature removal, Plaintiff Whitney Allen suffered and will continue to suffer serious permanent and debilitating personal injuries and damages, including but not limited to, significant pain suffering, discomfort, impaired mobility, poor balance, difficulty walking, rehabilitation, medical care, loss of enjoyment of life, other injuries presently undiagnosed, and other medical and non-medical sequalae. Additionally, Plaintiff has sustained and will sustain future damages, including but not limited to cost of medical care, rehabilitation, home health care, loss of earning capacity, mental and emotional distress, as well as loss of consortium . Her husband, James P. Allen, has likewise suffered injury including the loss of consortium, society and services of his wife as a result of his injuries from the defective device.

14. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes [✓]  No [ ]

**Exactech Device 2:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

15. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| [ ] Connexion GXL | [ ] Optetrak |
| [ ] Novation GXL | [ ] Optetrak Logic |
| [ ] AcuMatch GXL | [ ] Truliant |
| [ ] MCS GXL | |

**Exactech Ankle Device**

[ ] Vantage

16. Leg in which the Exactech Device was Implanted:

[ ] Right

[ ] Left

17. Date the Exactech Device was implanted (see also note to paragraph 5 above):

_____

18. State in which the Exactech Device was implanted:

_____

19. Date the Exactech Device was surgically removed/revised:

_____

6

20. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

21. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐  No ☐

**Exactech Device 3:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

22. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

23. Leg in which the Exactech Device was Implanted:

☐ Right

☐ Left

24. Date the Exactech Device was implanted (see also note to paragraph 5 above):

_____

25. State in which the Exactech Device was implanted:

_____

26. Date the Exactech Device was surgically removed/revised:

_____

27. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

28. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐   No ☐

**Exactech Device 4:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

29. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

30. Leg in which the Exactech Device was Implanted:
    ☐ Right
    ☐ Left

31. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    _____

32. State in which the Exactech Device was implanted:

    _____

33. Date the Exactech Device was surgically removed/revised:

    _____

34. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

35. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐   No ☐

**NOTE: If Plaintiff(s) alleges injuries related to additional Exactech Devices not already identified in this Short Form Complaint, please complete questions 29-35 separately for each additional Exactech Device and attach to this Short Form Complaint.**

## V. CAUSES OF ACTION

36. As to Exactech, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✓] First Cause of Action: Strict Liability – Manufacturing Defect
- [✓] Second Cause of Action: Strict Liability – Design Defect
- [✓] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✓] Fourth Cause of Action: Negligence
- [✓] Fifth Cause of Action: Breach of Express Warranty
- [✓] Sixth Cause of Action: Breach of Implied Warranty
- [✓] Seventh Cause of Action: Negligent Misrepresentation
- [✓] Eighth Cause of Action: Fraud
- [✓] Ninth Cause of Action: Fraudulent Concealment
- [✓] Tenth Cause of Action: Punitive Damages
- [✓] Eleventh Cause of Action: Loss of Consortium
- [ ] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

37. As to Exactech U.S., Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✓] First Cause of Action: Strict Liability – Manufacturing Defect
- [✓] Second Cause of Action: Strict Liability – Design Defect
- [✓] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✓] Fourth Cause of Action: Negligence
- [✓] Fifth Cause of Action: Breach of Express Warranty
- [✓] Sixth Cause of Action: Breach of Implied Warranty
- [✓] Seventh Cause of Action: Negligent Misrepresentation
- [✓] Eighth Cause of Action: Fraud
- [✓] Ninth Cause of Action: Fraudulent Concealment
- [✓] Tenth Cause of Action: Punitive Damages
- [✓] Eleventh Cause of Action: Loss of Consortium
- [ ] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

38. As to TPG, Inc. Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

39. As to Osteon Holdings, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [ ] First Cause of Action: Strict Liability – Manufacturing Defect
- [ ] Second Cause of Action: Strict Liability – Design Defect
- [ ] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [ ] Fourth Cause of Action: Negligence
- [ ] Fifth Cause of Action: Breach of Express Warranty
- [ ] Sixth Cause of Action: Breach of Implied Warranty
- [ ] Seventh Cause of Action: Negligent Misrepresentation
- [ ] Eighth Cause of Action: Fraud
- [ ] Ninth Cause of Action: Fraudulent Concealment
- [ ] Tenth Cause of Action: Punitive Damages
- [ ] Eleventh Cause of Action: Loss of Consortium
- [ ] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

40. As to Osteon Merger Sub, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

41. As to Osteon Intermediate Holdings II, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

42. As to any Defendant named in this Short Form Complaint that is not named in the Amended Master Personal Injury Complaint, Plaintiff(s) asserts the following allegations, causes of action, and prayer for relief. Attach additional pages to this Short Form Complaint, if necessary.

---

**WHEREFORE,** Plaintiff(s) prays for relief and judgment against named Defendants and all such further relief that this Court deems equitable and just as set forth in the Amended Master Personal Injury Complaint and any additional relief to which Plaintiff(s) may be entitled.

### JURY DEMAND

Plaintiff(s) hereby demands a trial by jury as to all claims in this action.

Date: May 16 2023

Signed: s/ Brian Brandes

Signature block:
J. BRIAN BRANDES, OBA #21112
Admitted Pro Hac Vice
BRANDES & YANCY, PLLC
1507 S. Denver Avenue
Tulsa, OK 74119
918-924-5520 (phone)
918-796-5717 (fax)
brian@brandesandyancy.com
ATTORNEY FOR PLAINTIFFS