# Revised Appendix A[1]

### I. VEIL PIERCING CHOICE OF LAW

To date, cases against TPG have been filed in 20 states; 18 of the 20 (accounting for over **99%** of the total cases against TPG) look to the state of incorporation's substantive law. The choice-of-law authority for each of those 18 forums is identified below. Here, the relevant states of incorporation are Florida (*i.e.*, Exactech, *see* AC ¶¶ 18-19) and Delaware (*i.e.*, the existing Osteon entities and TPG Inc., *see id*. ¶¶ 24, 32, 35). Delaware and Florida standards for veil-piercing are similar:

- *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 706 (Del. Ch. 2021) (finding "Delaware public policy **disfavors** disregarding the separate legal existence of business entities" and veil-piercing is proper only in "'***exceptional*** case[s]'") (internal citations and quotations omitted, emphases added);

- *Omega Psi Phi Fraternity, Inc. v. HCE Grp. of Cos., Inc.*, 2011 WL 13228098, at *3 (S.D. Fla. Oct. 19, 2011) ("***Florida courts are reluctant to pierce the corporate veil*** and will do so only in ***exceptional*** cases where there has been ***extreme abuse of the corporate form***.") (internal quotations omitted, emphases added).

| Forum (# of Claims)[2] | Authority: Choice-of-Law Rule |
|---|---|
| AL (2) | *Charter Servs., Inc. v. DL Air, LLC*, 711 F. Supp. 2d 1298, 1306 n. 13 (S.D. Ala. 2010) (applying the law of the state of incorporation and collecting cases). |

---

[1] This updated Appendix and the updated Appendix B reflect Plaintiffs' claims against TPG that have been consolidated in the MDL as of July 24, 2023. ***Any new states added since TPG served its Motion to Dismiss on June 9, 2023 have been highlighted in yellow throughout.***

[2] The relevant forums are either (1) the forums where the MDL cases were transferred from or (2) in the case of direct filings, the "Original District" that each Plaintiff selected. In contravention to this Court's Order, several Plaintiffs who filed directly in the MDL against the TPG Defendants either did not identify an "Original District" or identified more than one "Original District." *See* ECF No. 74 at 2 ("Any Plaintiff who files a complaint directly in this Court pursuant to this Direct Filing Order shall designate in the Master Short Form Complaint the federal district in which the complaint should be deemed to have otherwise been originally filed absent this Direct Filing Order (hereinafter, the 'Original District').").  Given these Plaintiffs' failure to follow the Court's Order, for purposes of this analysis only and reserving all rights, TPG assumes the "Original District" would be the states the Plaintiffs resided in at the time of filing.

1

| | |
|---|---|
| AR (11) | *Container Life Cycle Mgmt. LLC v. Safety Mgmt. Servs. Co.*, 2020 WL 2843224, at *4, 6 (W.D. Ark. June 1, 2020) (holding "Arkansas's highest court would apply the law of the state of incorporation to the veil-piercing inquiry" like the "majority of jurisdictions" and denying motion to dismiss in part given allegations, not present here, that the relevant entities "operated as if they were a singular business entity"). |
| CA (2) | *Leitner v. Sadhana Temple of New York, Inc.*, 2014 WL 12588643, at *16 (C.D. Cal. Oct. 17, 2014) ("Several California district courts have ... found that the law of the state of incorporation should be applied.") (collecting cases). |
| CO (1) | *Echostar Satellite Corp. v. Ultraview Satellite, Inc.*, 2009 WL 1011204, at *7 (D. Colo. Apr. 15, 2009) (applying "Colorado choice of law principles" and, therefore, "the law of the state of incorporation"). |
| CT (11) | *Haina Inv. Co. Ltd. v. InterEnergy Grp. Ltd.*, 2021 WL 4481204, at *4-5 (Conn. Super. Ct. Sept. 8, 2021) ("[T]his Court finds that for the purposes of corporate veil-piercing, Delaware law applies as it is the law of the jurisdiction in which [the defendant] was incorporated."). |
| FL (3) | *Parker v. Ahmsi Ins. Agency Inc.*, 2019 WL 13178508, at *9 n.10 (S.D. Fla. Aug. 2, 2019) ("In deciding whether plaintiffs have pled sufficient facts to pierce Homeward's corporate veil, the law of the state of Homeward's incorporation—Delaware—applies."). |
| KY (1) | *EiA Props., LLC v. Fenwick Equestrian, LLC*, 2015 WL 5698540, at *3 (E.D. Ky. Sept. 28, 2015) ("In a traditional corporate veil piercing case, Kentucky courts apply Restatement (Second) of Conflict of Laws § 307, which states that '[t]he local law of the state of incorporation will be applied ....'"). |
| LA (20) | *Eddie Tourelle's Northpark Hyundai, LLC v. Hyundai Motor Am. Corp.*, 2019 WL 6701305, at *5 (E.D. La. Dec. 9, 2019) ("Under Louisiana's choice-of-law rules, the law of the state of incorporation governs a request to pierce the corporate veil.") (internal citations and quotations omitted). |
| ME (22) | *GMAC Com. Mortg. Corp. v. Gleichman*, 84 F. Supp. 2d 127, 132, 139 n.7 (D. Me. 1999) (holding the substantive "law presumptively applied" to a veil piercing claim is "the law of the place of incorporation" and denying summary judgment where, unlike here, plaintiff alleged defendant created another corporate entity, caused that entity to "not perform its contractual obligations," and then "dissolve[d]" that corporate entity to "deprive[] [plaintiff] of its ability to recover damages" for the breach) (internal citation omitted). |

| MO (1) | *Nat'l Green Gas, L.L.C. v. Estrategy, Inc.*, 2019 WL 13207475, at *3 (W.D. Mo. Jan. 17, 2019) (holding "**Missouri Courts apply … the law of the state of incorporation**" because "request[s] to pierce the corporate veil … necessarily involve an analysis of how the controlling shareholders administered and governed the corporation" and denying motion to dismiss where, unlike here, plaintiff alleged defendant "siphoned" "money from the corporate accounts to personal accounts" and "deplet[ed] [the subsidiary's] funds and render[ed] it incapable to pay its creditors"). |
|---|---|
| NJ (22) | *Diebler v. SanMedica Int'l, LLC*, 2021 WL 5013617, at *8 (D.N.J. Oct. 28, 2021), *aff'd*, 2022 WL 16552777 (D.N.J. Oct. 31, 2022) (applying the laws of the state of incorporation to a veil piercing claim and noting "[u]nder New Jersey's choice-of-law rules, the law of the state of incorporation governs internal corporate affairs") (internal citations and quotations omitted).[3] |
| NY (56) | *Panam Mgmt. Grp., Inc. v. Peña*, 2011 WL 3423338, at *3 (E.D.N.Y. Aug. 4, 2011) ("New York's choice-of-law doctrine dictates that 'the law of the state of incorporation determines when the corporate form will be disregarded.'") (internal citation omitted). |

---

[3] *Diebler* notes that "[c]ourts within this district have also applied the law of 'the state that has the most significant connection with the parties and the transaction.'" 2021 WL 5013617, at *8 (internal citation omitted). Even if the Court applied that analysis, the New Jersey Plaintiffs' claims still fail. For Plaintiffs who originally filed in New Jersey (or who filed directly in the MDL and designated an Original District there), the state with the "most significant connection to the parties and the transaction" may be—in addition to Delaware or Florida—New Jersey (*i.e.*, the New Jersey Plaintiffs' domicile) and New York or Connecticut (*i.e.*, where all the New Jersey Plaintiffs allege the implant surgeries occurred, *see* Rev. App'x B). But because New Jersey, New York, and Connecticut veil-piercing law is all "substantially similar to" Delaware's, the New Jersey Plaintiffs' claims still fail. *Fagan v. Fischer*, 2019 WL 5587286, at *23 n.13 (D.N.J. Oct. 30, 2019) ("New Jersey's veil-piercing framework is substantially similar to that of ... Delaware"); *Cohen v. Schroeder*, 248 F. Supp. 3d 511, 518 n.4 (S.D.N.Y. 2017), *aff'd*, 724 F. App'x 45 (2d Cir. 2018) ("The standards for piercing the corporate veil are substantially similar under Delaware and New York law…") (internal citation omitted); *Schachter v. Sunrise Senior Living Mgmt., Inc.*, 2020 WL 1274601, at *6 n.4 (D. Conn. Mar. 16, 2020) ("Delaware law is substantially similar to Connecticut law for purpose of determining whether a plaintiff should be permitted to pierce the corporate veil…"); *see also Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 425 (D.N.J. 2019) ("In the absence of **extraordinary** circumstances, such as fraud or injustice, **a court will generally decline to pierce the corporate veil**. The party seeking an exception to the fundamental principle that a corporation is a separate entity from its principal bears the burden of showing that the court should disregard the corporate entity.") (internal citation omitted, emphases added); *Apex Mar. Co. v. OHM Enterprises, Inc.*, 2011 WL 1226377, at *2 (S.D.N.Y. Mar. 31, 2011) ("Piercing the corporate veil is a **narrow exception** to the doctrine of limited liability for corporate entities, and ... **courts should permit veil-piercing only under extraordinary circumstances**.") (emphases added, internal citation omitted); *Schachter*, 2020 WL 1274601, at *6 ("Ordinarily the corporate veil is pierced only under exceptional circumstances ….").

3

| | |
|---|---|
| NC (3) | *Young v. Carter*, 2020 WL 525930, at *3 (E.D.N.C. Jan. 31, 2020) (applying the law of the state of incorporation as "[s]everal district courts … previously have concluded that the North Carolina Supreme Court would likely apply the law of the state of incorporation to the issue of veil piercing"). |
| OH (3) | *NetJets Aviation, Inc. v. Perlman*, 2022 WL 17741063, at *8 (S.D. Ohio Dec. 16, 2022) ("Ohio law directs courts to apply 'the law of the state of incorporation when determining issues of veil-piercing.'") (denying motion to dismiss where, unlike here, plaintiff alleged subsidiary "had no real existence of its own" and defendant "control[led] and manipulat[ed] [that subsidiary] to the point that [the defendant] could frustrate creditors by … declaring [that entity] insolvent" at whim) (internal citation omitted). |
| PA (1) | *McElroy v. FirstEnergy Corp.*, 824 F. App'x 97, 99 (3d Cir. 2020) ("Under Pennsylvania choice of law principles, a court must look to the law of the state in which an entity is incorporated to determine whether a plaintiff may pierce that entity's corporate veil."). |
| TN (31) | *United States ex rel. Fry v. Guidant Corp.*, 2008 WL 11510789, at *2 (M.D. Tenn. Aug. 27, 2008) ("[In] Tennessee … the law of the state of incorporation determines whether or not to recognize the corporate form."). |
| TX (1) | *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378 (7th Cir. 2008) ("Texas['s] … choice-of-law rule for veil-piercing claims … [is] that the law of the state of incorporation governs such claims."). |
| VA (2) | *Jones v. Bank of Am. Corp.*, 2010 WL 6605789, at *10 (E.D. Va. Aug. 24, 2010) ("Under Virginia law, 'the law of the state of incorporation ... determine[s] whether the corporate veil may be pierced.'") (internal citation omitted). |

One case has been filed against TPG in each of the remaining two states, South Carolina and Wyoming. Each state's choice-of-law analysis points to substantive state law with a similarly high bar to the other claims applying Delaware or Florida law.

The original version of Appendix A, served on Plaintiffs with TPG's opening brief on June 9, 2023, included Georgia law. The one Plaintiff who had originally filed in Georgia has voluntarily dismissed "all claims asserted against Defendants TPG INC. and TPG Capital L.P. (incorrectly named 'TPG CAPITAL,' a non-existent legal entity)." *See Lawrence Berger v. Exactech, Inc., et al.*, Case No. 1:22-cv-06449-NGG-MMH, ECF 33 (Jan. 26, 2023) (Order). **As a result, Georgia is no longer relevant to the choice-of-law analysis.**

| Forum (# of Claims) | Authority: Choice-of-Law Rule |
|---|---|
| SC (1) | **Choice-of-Law Rule**: Government Interest Analysis. *Duong v. N. Am. Transp. Servs. LLC*, 2019 WL 13109647, at *10 (D.S.C. Sept. 25, 2019) (applying South Carolina law as the law of the state whose "policies would be advanced by having its laws applied to the facts of the case") (internal citations and quotations omitted).[4] <br><br>**Applicable State Law**: **SC or FL**; the Plaintiff who designated South Carolina as its Original District resides in South Carolina but alleges the implant surgery occurred in Florida. *See* Rev. App'x B. <br><br>**Exceptionally High Standard to Veil Pierce**: *Sturkie v. Sifly*, 313 S.E.2d 316, 318 (S.C. Ct. App. 1984) ("It is settled authority that the doctrine of piercing the corporate veil is ***not to be applied without substantial reflection***.") (internal citation omitted, emphasis added); *Omega Psi Phi Fraternity*, 2011 WL 13228098, at *3. <br><br>**Similar Analysis as Delaware**: *Duong*, 2019 WL 13109647, at *10 n.7 (holding "the veil-piercing analysis under South Carolina law and Delaware law is substantially similar" given that both require the plaintiff to plausibly allege a "combination of the factors" and "an overall element of injustice or unfairness") (internal citation omitted); *see also* App'x C (collecting cases). |
| WY (1) | **Choice-of-Law Rule**: **Place of Wrong**. *See generally Tolman v. Stryker Corp.*, 926 F. Supp. 2d 1255, 1258 (D. Wyo. 2013) ("Regarding tort claims … Wyoming applies the traditional choice-of-law rule *lex loci delicti*: The substantive law of the place where the injury occurred governs."). |

---

[4] In this test, the court considers the policies underlying the law of each state and applies the law of the place that has the greatest interest in the litigation.

**Applicable State Law**: **WY**; the Plaintiff who designated Wyoming as its Original District resides in Wyoming and alleges the implant surgery occurred in Wyoming. *See* Rev. App'x B.

**Exceptionally High Standard to Veil Pierce**: *Mantle v. N. Star Energy & Constr. LLC*, 437 P.3d 758, 799 (Wyo. 2019) ("[T]o avoid injustice, the common law 'allowed courts to pierce the veil of limited liability' in ***exceptional circumstances***.") (emphasis added).

**Similar Analysis as Delaware**: *Compare Gifford v. Victory 1 Roofing & Constr., Inc.*, 2020 WL 10356871, at *4 (D. Wyo. Sept. 8, 2020) (considering (1) whether "the business is thinly capitalized"; (2) whether the entities' "disregard legal formalities"; (3) whether the "corporate funds or assets are used for noncorporate purposes"; and (4) whether the "corporation is used as a 'mere shell'") *with* Br. 10-15 (considering "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a façade for the dominant shareholder") (citing *Verdantus Advisors, LLC v. Parker Infrastructure Partners, LLC*, 2022 WL 611274, at *2 (Del. Ch. Mar. 2, 2022))

*Medina v. Four Winds Int'l Corp.*, 111 F. Supp. 2d 1164, 1168-69 (D. Wyo. 2000) ("[A] parent corporation and its subsidiary 'are treated as separate and distinct legal persons even though the parent owns all the shares in the subsidiary and the ***two enterprises have identical directors and officers***.'").

*Gasstop Two, LLC v. Seatwo, LLC*, 225 P.3d 1072, 1078 (Wyo. 2010) (holding one factor "by itself is not grounds to pierce").

## II. SUCCESSOR LIABILITY CHOICE OF LAW

As TPG explained in its brief, the Court need not engage in a choice-of-law analysis for successor liability given successor liability principles are consistent across jurisdictions, and Plaintiffs' claims fail regardless. *See, e.g.*, *Ronnoco Coffee, LLC v. Westfeldt Bros., Inc.*, 939 F.3d 914, 920 (8th Cir. 2019) (noting the "well-settled general rule[s]" for substantive successor liability law have been "adopted in virtually every State"); *Asarco, LLC v. Union Pac. R.R. Co.*, 2017 WL 639628, at *17 (D. Idaho Feb. 16, 2017) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Brown & Bryant, Inc.*, 159 F.3d 358, 364 (9th Cir. 1997)) ("Successor liability law is largely consistent across the states and federal courts.").

Across the 20 forums where cases have been filed against TPG, four choice-of-law frameworks apply: (i) the law of the state of incorporation or place of contract; (ii) the law of the place of wrong; (iii) the law of the state with the most significant contacts; or (iv) for the 1 Plaintiff filing from Kentucky, the law of Kentucky if there are any contacts with Kentucky. Importantly, regardless of the forum or law applied, courts uniformly hold that "*if the original entity*" (here, Exactech) "*still exists, there is no successor—and no successor liability*." *In re Welding Fume Prod. Liab. Litig.*, 2010 WL 2403355, at *1, 7 (N.D. Ohio June 11, 2010) (collecting cases and dismissing "all" successor liability claims against parent-company defendant without any choice-of-law analysis) (emphases added).

As noted above, Georgia law is no longer relevant to the choice-of-law analysis and is not included in the chart below.

| Forum (# of Claims) | Applicable Substantive State Law | Authority: Choice-of-Law Rule[5] | Authority: Where The Acquired Company Is Still In Business (Here, Exactech), No Successor Liability Attaches |
|---|---|---|---|
| **Choice-of-Law Rule: Place of Incorporation / Place of Contract** | | | |
| CA (2) | DE, FL | *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 1765509, at *3-4 (C.D. Cal. Apr. 20, 2011) | *Stayton v. Clariant Corp.*, 2013 WL 5783814, at *3 (Del. Super. Ct. Aug. 13, 2013), *aff'd*, 2014 |

---

[5] As explained in TPG's brief, given that Exactech "continue[d] in existence" post-merger, it maintains its liabilities and no successor liability attaches regardless of the state law that applies. 15 Fletcher Cyc. Corp. § 7121 ("In the case of a *merger* of one or more corporations into another, where one or more of the corporations ceases to exist and another *continues in existence, the latter corporation is liable* for the debts, contracts and torts of the former …") (emphases added). To the extent a choice-of-law analysis is relevant, cases discussing choice of law for successor liability claims primarily do so in the context of asset sales instead of in the context of formal mergers (as appears to be alleged here, *see generally* AC). TPG is not aware of cases differentiating choice-of-law analyses based on whether an asset sale or merger is at issue, and therefore includes available cases from both contexts. In any event, this does not change the substantive analysis: the "general rule, which is well settled, is that where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor." 15 Fletcher Cyc. Corp. § 7122.

| | | | |
|---|---|---|---|
| | | (California follows Restatement (Second) Conflicts of Laws § 307 which provides that successor liability is "peculiar to corporations" and so the state with the most interest in such a claim is "the state of incorporation") (internal citation omitted).<br><br>***<br><br>*Ramirez v. Chip Masters, Inc.*, 2014 WL 1248043, at *6 (E.D.N.Y. Mar. 25, 2014) (declining to make choice-of-law decision because "**New York law and California law are substantially similar** on the determination of successor liability" and the "Court's analysis of successor liability remains unchanged regardless of whether New York law or California law applies") (emphasis added). | WL 28726 (Del. Jan. 2, 2014) (evaluating successor liability for surviving entity following merger where predecessor and "original tortfeasor" had "dissolved" and finding successor liability only for the entity designated as the "surviving" corporation); *Yuetter-Beacham v. Med. Career Inst. of S. Fla., Inc.*, 2017 WL 10775771, at *7-8 (S.D. Fla. Oct. 18, 2017) (granting motion to dismiss and finding "no basis for imposing successor liability" where plaintiffs tried to hold the owner liable despite "acknowledg[ing] in the Amended Complaint that '[t]he surviving business entity following the New Jersey Merger/Consolidation was'" the same primary alleged wrongdoer against whom plaintiffs' substantive claims had already succeeded); *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 644-45 n.8 (5th Cir. 2022) (applying Florida law) (affirming successor liability where one company "ceased manufacturing and selling pleasure boats" the same month that the successor "began manufacturing and selling pleasure boats" that "were essentially the same boats," and the owner of both the predecessor and successor "did not provide a satisfactory or believable rational [sic] for the transformation of" one company to the other, or the transfer of assets from one to the other). |
| FL (3) | **DE, FL** | *Action Nissan, Inc. v. Hyundai Motor Am.*, 2020 WL 7419669, at *6 (M.D. Fla. Nov. 5, 2020) (holding that "[c]laims involving 'internal affairs' of corporations … are subject to the laws of the state of incorporation" and | *Id.* |

8

| | | | |
|---|---|---|---|
| | | concluding that, because the "question of successor liability involves [corporations'] internal affairs," it must apply the law of the state of incorporation) (internal citation omitted). | |
| LA (20) | DE, FL | *Patin*, 294 F.3d 640, 647 (holding "the Louisiana State Supreme Court would most likely conclude that the law of the state of incorporation governs the determination [of] when to pierce a corporate veil" and finding successor liable where plaintiffs made substantial allegations beyond those pled here). | *Id.* |
| NY (56) | DE, FL | *Randle v. AC Asset Servs. LLC*, 2022 WL 2680079, at *2 n.2 (W.D.N.Y. July 12, 2022) ("Under New York choice-of-law rules, it is the law of the successor's state of incorporation that typically determines successor liability.") (internal citations omitted).<br><br>\*\*\*<br><br>*Fischer v. Prodigi, Inc.*, 2007 WL 2815494 (N.Y. Sup. Ct. July 23, 2007) (holding the "court need not address the choice of law issue" because the "**laws of Delaware and New York are substantially the same** on the issue of successor liability" and denying motion to dismiss where plaintiff alleged defendant structured a transaction so it "could escape its contractual obligations" by leaving the predecessor "without the financial wherewithal to pay the amounts due and owing") (emphasis added). | *Id.* |

9

| | | | |
|---|---|---|---|
| TN (31) | **FL**[6] | *Bonee v. L & M Constr. Chems.*, 518 F. Supp. 375, 379, 381 (M.D. Tenn. 1981) (holding successor liability is a contract law issue so successor liability is "governed by the law that the parties intended" and denying defendant's summary judgment motion based on substantial allegations not present here, including that "the [predecessor] ceased ordinary business operations" in favor of successor's).<br><br>***<br><br>*IBC Mfg. Co. v. Velsicol Chem. Corp.*, 187 F.3d 635 at *2-3 (6th Cir. 1999) (affirming lower court's decision declining to choose between Delaware and Tennessee substantive successor liability law since the "***law of successor liability is the same in both states***" and "***which law applies does not change the result***") (emphasis added). | *Id.* |
| TX (1) | **FL**[7] | *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.,* 2010 WL 1417900, at *5 (S.D. Tex. Apr. 7, 2010), *aff'd*, 635 F.3d 734 (5th Cir. 2011) ("Under Texas law, the [applicable] agreement's choice of law provision | *Id.* |

---

[6] The applicable contract here is the Merger Agreement between Exactech and Osteon Merger Sub, Inc. *See, e.g*, AC ¶ 94 ("The Merger Agreement stated that Defendants Exactech, Inc. and Osteon Merger Sub, Inc. will be merged, and Exactech, Inc. will be the surviving entity"). The "law that the parties intended," *Bonnee*, 518 F. Supp. at 379, as evinced by the governing law provision, is Florida law. Ex. 2, § 9.08; *see generally Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 474-75 (Tenn. Ct. App. 2003) ("Tennessee follows the rule of *lex loci contractus*. … If the parties manifest an intent to instead apply the laws of another jurisdiction, then that intent will be honored ….").

[7] The applicable contract here is the Merger Agreement between Exactech and Osteon Merger Sub, Inc. *See, e.g*, AC ¶ 94. The "agreement's choice of law provision," *Ford, Bacon & Davis, LLC*, 2010 WL 1417900, at *5, provides for Florida law. Ex. 2, § 9.08.

10

| | | | |
|---|---|---|---|
| | | controls the applicability of successor liability doctrines.") (internal citation omitted). | |
| VA (2) | **DE, FL**[8] | *Ambrose v. Southworth Prod. Corp.*, 953 F. Supp. 728, 734-35 (W.D. Va. 1997) (characterizing successor liability as a contract issue and considering the "place where" the "actions and events leading to the transfer of assets … took place" and the "law of the jurisdiction where the corporation was formed," since "[o]therwise, a corporation ... could face fifty different interpretations of successor liability" and denying summary judgment based on substantial allegations Plaintiffs do not allege here, including that the successor "continued to do business under a similar name and continued to use [predecessor's letterhead]") (internal citation omitted).<br><br>\*\*\*<br><br>*Royal All. Assocs., Inc. v. Branch Ave. Plaza, L.P.*, 587 F. Supp. 2d 729, 738 (E.D. Va. 2008) (declining to choose between New York and Virginia substantive successor liability law and holding such a choice would be "unnecessary … because ***Virginia and New York law on successor liability is essentially the same***") (emphasis added). | *Id.* |

---

[8] The relevant states of incorporation reflecting the "jurisdiction where the corporation was formed" and where the "actions and events leading to the transfer of assets took place," *Ambrose*, 953 F. Supp. at 734-35 (internal citation omitted), are Florida (*i.e.*, Exactech, *see* AC ¶¶ 18-19) and Delaware (*i.e.*, the existing Osteon entities and TPG Inc., *see id.* ¶¶ 24, 32, 35).

11

| | | **Choice-of-Law Rule: Place of Wrong**[9] | |
|---|---|---|---|
| AL (2) | **AL**[10] | *American Nonwovens, Inc. v. Non Wovens Eng'g, S.R.L.*, 648 So. 2d 565, 570 (Ala. 1994) ("The majority of these cases" which "address[] the choice of law issue with regard to corporate successor liability in products-liability cases … have held that the forum state's conflict rule for tort cases should also apply to the corporate successor liability issue."); *see generally Precision Gear Co. v. Cont'l Motors, Inc.*, 135 So. 3d 953, 960 (Ala. 2013) ("Alabama law applies the rule of *lex loci delicti* [where the injury occurred] to determine the substantive law applicable to tort claims ….").<br><br>\*\*\*<br><br>*In re 331 Partners, LLC*, 2011 WL 3440099, at \*5 n.4 (S.D. Ala. Aug. 8, 2011) (holding the "law of Alabama and Florida **is the same** regarding successor liability, so the court need not determine which state's law applies in this case") (emphasis added). | *Ray v. Judicial Corr. Servs., Inc.*, 2018 WL 2130408, at \*4-5 (N.D. Ala. May 9, 2018) (finding no successor liability because the alleged tortfeasor "did not cease operations and liquidate after the merger" and explaining that "[i]f the original entity still exists, however, there is no successor, and therefore, no successor liability"). |
| AR (11) | **AR**[11] | *Reed v. Armstrong Cork Co.*, 577 F. Supp. 246, 248 (E.D. Ark. 1983) ("The Court agrees with defendants that the question of [successor] liability … is tort rather | *Cheatham v. Teva Pharms. USA, Inc.*, 2011 WL 13315698, at \*3 (E.D. Ark. May 18, 2011) (granting summary judgment for parent and |

---

[9] Under *lex loci delicti*, "[t]he place of wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place." Restatement (First) of Conflict of Laws § 377 (1934).

[10] The Plaintiffs who originally filed in Alabama or designated Alabama as their Original District reside in Alabama and allege their implant surgeries occurred in Alabama. *See* Rev. App'x B.

[11] The Plaintiffs who originally filed in Arkansas or designated Arkansas as their Original District reside in Arkansas and allege their implant surgeries occurred in Arkansas (or fail to allege any surgery location). *See* Rev. App'x B.

| | | | |
|---|---|---|---|
| | | than contract law and so the law of the situs where the injury occurred and plaintiff resides would control."). | finding subsidiary's liabilities not imputed to parent under a successor liability theory where parent and subsidiary "remain[ed] separate and distinct companies"). |
| NC (3) | **NC, OH, NY**[12] | *Bell v. American Int'l Indus.*, 2021 WL 3269595, at *3 (M.D.N.C. July 30, 2021) ("North Carolina choice of law rules dictate that the law of either the forum or the situs of the claim [*i.e.*, where the injury occurred] should apply …."). | *Atwell v. DJO, Inc.*, 803 F. Supp. 2d 369, 373 (E.D.N.C. 2011) (holding successor liability did not attach including because "two independent corporations continued to exist and conduct business following the transaction"); *Hoover v. Recreation Equip. Corp.*, 792 F. Supp. 1484, 1495-96 (N.D. Ohio 1991) (holding that "[i]f the predecessor continued to exist as a viable business concern" then "the successor was not a mere continuation of the predecessor" and denying defendant's motion for summary judgment where defendant "itself stated" "in its answer to [an] interrogatory … that [the alleged predecessor] was dissolved de facto"); *Omar v. Front St. Grimaldi, Inc.*, 2018 WL 2121550, at *1-2, 4 (E.D.N.Y. May 8, 2018) (cited by Plaintiffs, *see* ECF No. 183 at 2) (weighing successor liability theory where the predecessor "became inactive" and "dissolved," and the alleged successor company replaced it in operating the same pizza business). |

---

[12] The three Plaintiffs who designated North Carolina as their Original District reside in North Carolina but allege their implant surgeries occurred in Ohio, New York, and North Carolina, respectively. *See* Rev. App'x B. Plaintiffs' successor liability theory fails regardless of whether the Court looks to Ohio, New York, or North Carolina law.

13

| | | | |
|---|---|---|---|
| OH (3) | **OH**[13] | *Hoover*, 792 F. Supp. at 1491 (N.D. Ohio 1991) (holding that, under Ohio law, the "conflicts issue begins with the presumption that the law of … the place of injury[] controls"). | *Hoover v. Recreation Equip. Corp.*, 792 F. Supp. at 1495. |
| SC (1) | **FL**[14] | *Grady v. Deese*, 2012 WL 1106933, at *3 (D.S.C. Apr. 2, 2012) ("[T]o the extent successor liability claims are founded on tort law" "South Carolina follows the doctrine of *lex loci delicti* … the place where the injury occurred. … [But,] to the extent successor liability turns on interpretation of the contract through which [the successor] acquired rights … [the contract's governing law provision] controls."). | *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645. |

---

[13] The Plaintiffs who designated Ohio as their Original District reside in Ohio and allege their implant surgeries occurred in Ohio. *See* Rev. App'x B.

[14] The Plaintiff who designated South Carolina as its Original District resides in South Carolina but alleges the implant surgery occurred in Florida. *See* Rev. App'x B.

| **Choice-of-Law Rule: Significant Relationship**[15] | | | |
|---|---|---|---|
| CO (1) | **CO, DE, FL**[16] | *Hickman v. Thomas C. Thompson Co.*, 592 F. Supp. 1282, 1283, 1286 (D. Colo. 1984), *disagreed with on other grounds by Florom v Elliott Mfg.*, 867 F.2d (1989) (applying "the law of the state with the most significant contacts to the underlying tort" and finding successor liability "may" apply given allegations absent here, including that the successor "continued to operate [predecessor's] enamel business selling products manufactured in the same plant, using the same procedures and bearing the [predecessor's] name"). | *Baca v. Depot Sales, LLC*, 2007 WL 988061, at *1, 3 (D. Colo. Mar. 30, 2007) (holding that successor liability applies where the predecessor corporation "ceased to exist" and the same individual "ran the business both before and after the transfer," the business's address remained the same, and "[n]either the business's 800 number, website, nor overall business practices were impacted by the transfer") (internal citation omitted); *Stayton*, 2013 WL 5783814, at *3; *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645. |
| CT (11) | **CT, NY, DE, FL**[17] | *Peglar & Assocs., Inc. v. Pro. Indem. Underwriters Corp.*, 2002 WL 1610037, at *3 (Conn. Super. Ct. June 19, 2002) (applying "Connecticut's own conflict of laws rules" for choice-of-law determination on successor | *Lake Rd. Tr., LTD v. ABB, Inc.*, 2012 WL 3064628, at *8-9 (Conn. Super. Ct. June 25, 2012) (granting summary judgment and holding "no successor liability" where the alleged |

---

[15] Under the significant relationship test, "[c]ontacts to be taken into account … to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145 (1971).

[16] The factors in the significant relationship test (*supra* n.15) do not uniformly point to the Plaintiff's home state and surgery location (here, Colorado). For example, the "place of the conduct causing the injury" (here, alleged to be Florida (*see, e.g.*, AC ¶ 83 ("Exactech's internal manufacturing, assembly, packaging, and quality control operation were conducted at its principal headquarters in Gainesville, Florida"), *id.* ¶¶ 81, 177, 241)) and the "place of incorporation and the place of business of the parties" (here, Delaware or Florida (AC ¶¶ 18-19, 24, 32, 35)) point to Delaware or Florida law rather than the home state. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

[17] For the reasons explained *supra* nn.15-16, the factors in the significant relationship test do not uniformly point to the Plaintiffs' home state (here, Connecticut). Some point to Delaware or Florida law while others, at least for certain Plaintiffs, point to New York. For example, "the place where the injury occurred" depends on the location of the implantation surgery; while some Plaintiffs who originally filed in Connecticut or designated Connecticut as their Original District allege their implant surgeries occurred in Connecticut, others allege their implant surgeries occurred in New York. *See* Rev. App'x B. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

| | | | |
|---|---|---|---|
| | | liability and considering the subject matter of the contract and the place of contracting, negotiation, and performance, as well as the domicile, residence, nationality, place of incorporation and place of business of the parties). | tortfeasor "still exists," and "imposition of successor liability under the mere continuation and continuity of enterprise theories requires a threshold determination that the predecessor no longer represents a viable source of relief"); *Stayton*, 2013 WL 5783814, at *3; *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645; *Omar*, 2018 WL 2121550, at *4. |
| ME (22) | **ME, DE, FL**[18] | *See generally Flaherty v. Allstate Ins. Co.*, 822 A.2d 1159, 1166 (Me. 2003) (applying the law of the state with the "most significant contacts and relationships" test "not only in tort actions, but in contract disputes as well"); *Ricci v. Alternative Energy Inc.*, 211 F.3d 157, 165 (1st Cir. 2000) (citing and applying Restatement (Second) of Conflict of Laws § 145 (1971) factors). | *Mahar v. Sullivan & Merritt, Inc.*, 2013 WL 6143130, at *26 (Me. Super. Ct. July 18, 2013) (finding no successor liability and noting the mere continuation standard "at a minimum" includes "the continued existence of only one corporation after the sale of assets" such that "the purchasing corporation is merely a 'new hat' for the seller") (emphasis omitted); *Stayton*, 2013 WL 5783814, at *3; *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645. |
| MO (1) | **MO, DE, FL**[19] | *Osborn v. Prime Tanning Corp.*, 2011 WL 13291159, at *5-6 (W.D. Mo. Apr. 29, 2011) (holding "Missouri case law indicates successor liability issues require application of … the [state with] the most significant relationship to the present issue of successor liability" and considering "the place of injury," where defendants | *Bozell v. H & R 1871, Inc.*, 916 F. Supp. 951, 953 (E.D. Mo. 1996) (finding no successor liability where the "original corporation … is still in existence" and holding a successor cannot be considered a "continuation [where] they exist simultaneously"); *Stayton*, 2013 WL 5783814, at |

---

[18] For the reasons explained *supra* nn.15-16, the factors in the significant relationship test do not uniformly point to the Plaintiffs' home state and surgery location (here, Maine). Some point to Delaware or Florida law. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

[19] For the reasons explained *supra* nn.15-16, the factors in the significant relationship test do not uniformly point to the Plaintiff's home state (here, Missouri) or surgery location (which this Plaintiff fails to allege). Some point to Delaware or Florida law. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

| | | | |
|---|---|---|---|
| | | were incorporated, and where the "parties' relationship is centered"). | *3; *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645. |
| NJ (22) | **NJ, NY, CT DE, FL**[20] | *Premier Pork, LLC v. Westin Packaged Meats, Inc.*, 406 F. App'x 613, 615-16 (3d Cir. 2011) ("New Jersey's choice of law rules … require application of the law of the state with the greatest interest in a dispute" and considering where the "facts that [plaintiff] appears to rely upon to establish successor liability" occurred); *see Ginsberg ex rel. Ginsberg v. Quest Diagnostics, Inc.*, 117 A.3d 200, 218 (N.J. Super. Ct. App. Div. 2015), *aff'd*, 227 N.J. 7, 147 A.3d 434 (2016) (citing and applying Restatement (Second) of Conflict of Laws § 145 (1971) factors). | *Berk & Berk at Cherry Tree, LLC v. Nelson, Brown, Hamilton & Krekstein, LLC*, 2019 WL 1578803, at *3 (N.J. Super. Ct. App. Div. Apr. 12, 2019) (affirming summary judgment and finding no successor liability where there was no assumption of liabilities and the predecessor "continued to operate"); *Lake Rd. Tr.*, 2012 WL 3064628, at *8-9 (Conn. Super. Ct. June 25, 2012); *Omar*, 2018 WL 2121550, at *4; *Stayton*, 2013 WL 5783814, at *3; *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645. |
| PA (1) | **PA, DE, FL**[21] | *Lopata v. Bemis Co.*, 406 F. Supp. 521, 522 (E.D. Pa. 1975), *aff'd*, 546 F.2d 417 (3d Cir. 1976) (applying the law of the state with the most contacts and considering the most "vitally important" factor to be the state "where the injury occurred"). | *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2017 WL 4810801, at *7 (E.D. Pa. Oct. 25, 2017) (granting motion to dismiss successor liability claim and holding "[i]t is well established that '[i]f the original entity still exists … there is no successor, and therefore no successor liability'"); *Stayton*, 2013 WL 5783814, at *3; *Yuetter*, 2017 WL |

---

[20]   For the reasons explained *supra* nn.15-16, the factors in the significant relationship test do not uniformly point to the Plaintiffs' home state (here, New Jersey). Some point to Delaware or Florida law while others point to New York or Connecticut. For example, "the place where the injury occurred" depends on the location of the implantation surgery; the Plaintiffs who filed in and reside in New Jersey allege their implantation surgeries occurred in New York or Connecticut. *See* Rev. App'x B. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

[21]   For the reasons explained *supra* nn.15-16, the factors in the significant relationship test do not uniformly point to the Plaintiff's home state and surgery location (here, Pennsylvania). Some point to Delaware or Florida law. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

| | | | |
|---|---|---|---|
| | | | 10775771, at *7; *Patin*, 294 F.3d at 645; *Omar*, 2018 WL 2121550, at *4. |
| WY (1) | **WY, DE, FL**[22] | *See generally Tolman*, 926 F. Supp. 2d at 1258 ("Regarding tort claims … Wyoming applies the traditional choice-of-law rule *lex loci delicti*: The substantive law of the place where the injury occurred governs."). | *Trial Laws. Coll. v. Gerry Spences Trial Laws. Coll. at Thunderhead Ranch*, 2022 WL 4388478, at *5 (D. Wyo. Sept. 22, 2022) (weighing successor liability theory where the predecessor and successor had the "same 'core cabal of actors'" since the "persons involved in [the successor] were the same as those involved in [the predecessor]" and the successor operated "to achieve the same objectives" since the successor "continues the business that [the predecessor had] intended to do, namely, operating [the same] trial skills college at the Thunderhead Ranch"); *Stayton*, 2013 WL 5783814, at *3; *Yuetter*, 2017 WL 10775771, at *7; *Patin*, 294 F.3d at 645. |
| **Choice-of-Law Rule: Any Significant Contact** | | | |
| KY (1) | **KY, TN**[23] | *Weingartner Lumber & Supply Co. v. Kadant Composites, LLC*, 2010 WL 996473, at *3-4 (E.D. Ky. Mar. 16, 2010) (applying Kentucky law because "sufficient contacts exist to justify applying Kentucky law to the instant action" since plaintiff was domiciled | *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 2012 WL 1345175, at *4 (E.D. Ky. Apr. 18, 2012) (granting motion to dismiss in an MDL and finding the rules of successor liability "inapplicable" and the concern underlying |

---

[22] For the reasons explained *supra* nn.15-16, the factors in the significant relationship test do not uniformly point to the Plaintiffs' home state and surgery location (here, Wyoming). Some point to Delaware or Florida law. As explained in TPG's brief, Plaintiffs' claims fail regardless of what state law the Court applies.

[23] The Plaintiff who designated Kentucky as its Original District resides in Kentucky but alleges the implant surgery occurred in Tennessee. *See* Rev. App'x B. Plaintiffs' successor liability theory fails regardless of whether Kentucky or Tennessee principles apply.

18

| | | |
|---|---|---|
| | in Kentucky and received the defective product in Kentucky and "Kentucky's conflict of law rules favor application of its own law whenever it can be justified").<br><br>***<br><br>*C-Ville Fabricating, Inc. v. Tarter*, 2022 WL 896104, at *8 (E.D. Ky. Mar. 25, 2022) (stating Kentucky courts "have consistently looked to Delaware cases when there is a dearth of corporate case law on a particular issue in Kentucky" and collecting Kentucky state court cases noting use of Delaware law for Kentucky corporate law issues). | successor liability "not present" where the original entities "still exist" because the "law is clear that 'if the original entity still exists, there is no successor—and no successor liability'") (internal citation omitted); *Flake v. Schrader-Bridgeport Int'l, Inc.*, 538 F. App'x 604, 611 (6th Cir. 2013) (applying Tennessee law and rejecting successor liability claim where the tortfeasor "continued to operate as a viable entity" and holding there can be "no successor liability[] if the predecessor corporation remains a viable source for recourse") (internal citation and quotations omitted). |

19