## Appendix C[1]

Appendix C includes additional veil-piercing caselaw from three of the states that Plaintiffs focus on in their brief: Florida, South Carolina, and Tennessee. This Appendix does not include additional caselaw from Georgia (another state on which Plaintiffs focus in their brief) because the only Plaintiff implicating Georgia law has voluntarily dismissed their case against TPG. *Lawrence Berger v. Exactech, Inc., et al.*, Case No. 1:22-cv-06449-NGG-MMH, ECF 33 (Jan. 26, 2023) (Order).

| | **Veil Piercing Appropriate Only In "Extraordinary," "Extreme," Or "Exceptional Circumstances"** |
|---|---|
| **FL** | *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016) ("***Black-letter law forbids*** equating a subsidiary with its parent absent ***extraordinary*** justification to pierce a corporate veil.").[2] |
| **SC** | ***Sturkie v. Sifly*, 313 S.E.2d 316, 318 (S.C. Ct. App. 1984) (cited by Plaintiffs, Opp. 15[3])** ("It is settled authority that the doctrine of piercing the corporate veil is ***not to be applied without substantial reflection*.") (internal citation omitted). |
| **TN** | *Bristol Pres., LLC v. IGC-Bristol, LLC*, 2017 WL 2773663, at *7 (E.D. Tenn. June 26, 2017) ("[A] court will only permit [veil-piercing] in '***extreme circumstances*.' … [T]he presumption of separate identity 'should be ***set aside only with great caution and not precipitately*.'"). |
| | **The "Same" As, Or "Substantially Similar" To, Delaware Veil-Piercing Law** |
| **FL** | *Robertson-Ceco Corp. v. Cornelius*, 2007 WL 1020326, at *7 n.7 (N.D. Fla. Mar. 30, 2007) ("[The] Eleventh Circuit has specifically noted that ***Delaware and Florida law are the same*** on veil-piercing ….."). |
| **SC** | *Duong v. N. Am. Transp. Servs. LLC*, 2019 WL 13109647, at *10 n.7 (D.S.C. Sept. 25, 2019) (holding "the ***veil-piercing analysis under South Carolina law and Delaware law is substantially similar*"). |

---

[1] This Appendix reflects Plaintiffs' claims against TPG that have been consolidated in the MDL as of July 24, 2023.

[2] All emphases added unless otherwise indicated.

[3] Cases cited and points made by Plaintiffs are included in bolded, green text to highlight the extent of the parties' agreement on substantive veil-piercing law.

| TN | *Se. Texas Inns, Inc. v. Prime Hosp. Corp*., 462 F.3d 666, 676 (6th Cir. 2006) (finding "**striking parallels between Delaware and Tennessee law** pertaining to the issue of piercing the corporate veil" such that the "choice-of-law question is not outcome-determinative"). |
|---|---|
| **Apply Multi-Factor Test; One Factor Insufficient To Pierce The Veil** | |
| FL | *Iglesias v. Pernod Ricard*, 2020 WL 13367465, at *5 (S.D. Fla. Aug. 17, 2020) (holding "**enough of the factors must exist**" and dismissing claim where plaintiff did "not allege[] the last two" factors); *see also Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984) (cited by Plaintiffs, Opp. 14) ("The mere fact that [the parent] own[s] and control[s] [the subsidiary] does not lead inevitably to [veil piercing] …. If this were the rule, it would completely destroy the corporate entity as a method of doing business …."). |
| SC | *Mid-S. Mgmt. Co. Inc. v. Sherwood Dev. Corp.*, 649 S.E.2d 135, 141 (S.C. Ct. App. 2007) (cited by Plaintiffs, Opp. 16) ("The conclusion to disregard the corporate entity **must involve a number of the … factors** …."); *see also Gen. Holding, Inc. v. Cathcart*, 2009 WL 9119981, at *13 (D.S.C. July 29, 2009) (cited by Plaintiffs, Opp. 15) (holding that that the veil-piercing test involves a multi-factor "analysis for which **some**" **of the factors** "**must** be present"). |
| TN | *Appolo Fuels, Inc. v. Claiborne Heavy Hauling*, 2014 WL 2803141, at *4 (E.D. Tenn. June 19, 2014) ("**No one factor is conclusive** in determining whether to pierce the veil; instead **courts consider a combination of the factors**.") (denying veil-piercing claim even where plaintiff alleged two veil-piercing factors applied) (internal citation omitted). |

To assess whether there is sufficient "domination and control" to warrant veil-piercing, courts in Florida, South Carolina, and Tennessee look to the same or substantially similar factors that Delaware courts consider.

| Forum | Factors #1, #2, #4: Undercapitalization, Insolvency, And "Siphoning" Of Funds | Factor #3: Lack Of Corporate Formalities | Factor #5: Subsidiary Is A Façade Or Mere Instrumentality With No Independent Significance |
|---|---|---|---|
| DE | *Verdantus Advisors, LLC v. Parker Infrastructure Partners, LLC*, 2022 WL 611274, at *2 (Del. Ch. Mar. 2, | *Verdantus*, 2022 WL 611274, at *2 (considering "whether corporate formalities were observed") | *Verdantus*, 2022 WL 611274, at *2 (considering "whether, in general, the company simply functioned as a façade for |

| | | | |
|---|---|---|---|
| | 2022) (considering "whether the company was adequately capitalized for the undertaking," "whether the company was solvent," and "whether the dominant shareholder siphoned company funds") (internal citation omitted). | (internal citation omitted); *Bentivoglio v. Event Cardio Grp., Inc.*, 2019 WL 6341130, at *5 (S.D.N.Y. Nov. 27, 2019) (applying Delaware law and explaining corporate formalities include, *e.g.*, "whether dividends were paid, corporate records kept, [and] officers and directors functioned properly"). | the dominant shareholder") (internal citation omitted).<br><br>*Nieves v. Insight Bldg. Co., LLC*, 2020 WL 4463425, at *8 (Del. Ch. Aug. 4, 2020) (holding "***identical personnel***" between the parent and subsidiary "does not by itself warrant ignoring the corporate form"); *see also United States v. Bestfoods*, 524 U.S. 51, 62 (1998) ("[I]t is hornbook law that … ***a duplication of some or all*** of the directors or executives [***will not***] ***be fatal***."). |
| **FL** | *Hilton Oil Transp. v. Oil Transp. Co., S.A.*, 659 So. 2d 1141, 1151-52 (Fla. Dist. Ct. App. 1995) (considering "inadequate capitalization" and "whether funds were put in and ***taken out of the*** [**subsidiary**] ***for the*** [***parent's***] … ***purposes***"); *see also* <span style="color:green">*Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 2023 WL 2523447, at *1-2 (M.D. Fla. Mar. 14, 2023) (cited by Plaintiffs, Opp. 23)</span> (holding plaintiff alleged sufficient veil-piercing facts, not present here, where the defendant "so dominated and controlled [the other entity] and used [that entity] for improper purposes" by "***siphoning*** [its] assets for his own personal use" amongst other facts). | <span style="color:green">Opp. 13</span> ("[T]he complaint must show a 'blurring of the corporate lines, such as … using [the subsidiary] for the [parent's] personal interest.'"); <span style="color:green">*Century Senior Servs. v. Consumer Health Benefit Ass'n., Inc.*, 770 F. Supp. 2d 1261, 1266 (S.D. Fla. 2011) (cited by Plaintiffs, Opp. 13)</span> (holding plaintiff alleged sufficient veil-piercing facts, not present here, where the parent "failed to keep [the subsidiary] at an arm's length" and the two "shar[ed] a principal place of business" amongst other facts). | <span style="color:green">*In re Hillsborough Holdings Corp.*, 166 B.R. 461, 471-72 (M.D. Fla. 1994) (cited by Plaintiffs, Opp. 13)</span> (declining to pierce the corporate veil even where a subsidiary was obligated to "follow the orders of [the parent] regarding significant business decisions" and where the "parent manag[ed] ***all*** the cash generated by the subsidiaries" because there "is substantial authority … that such involvement by a parent ***is not only proper but common and has been approved by the courts***" and holding otherwise would be "sheer, utter folly, and would defy common business sense") (collecting cases).<br><br>*Garcia v. Gravity Interactive, Inc.*, 2012 WL 13005342, at *5 (S.D. Fla. Jan. 17, 2012) ("[***O***]***ne-hundred percent ownership and identity of directors are***, even together, an ***insufficient*** basis for applying an alter ego |

| | | | |
|---|---|---|---|
| | | | theory to pierce the corporate veil.") (internal citation omitted). |
| **SC** | **Opp. 15** ("South Carolina courts consider … undercapitalization [and] … insolvency of the debtor corporation …."); ***Sturkie*, 313 S.E.2d at 318 (cited by Plaintiffs, Opp. 15)** (considering whether the subsidiary "was undercapitalized," "was insolvent," or "had its corporate funds siphoned off by" the parent). | **Opp. 15** ("South Carolina courts consider … observance of corporate formalities …."); ***Sturkie*, 313 S.E.2d at 318 (cited by Plaintiffs, Opp. 15)** (considering whether the parent and the subsidiary "failed to observe corporate formalities" and "lacked corporate records"). | **Opp. 15-16** ("South Carolina courts consider … [w]hether a subsidiary has been used as a façade" and "afford[s] [this factor] greater weight than other factors."); ***Gen. Holding, Inc.*, 2009 WL 9119981, at *13 (cited by Plaintiffs, Opp. 15)** (considering whether the subsidiary's "officers or other directors" were "non-functioning" and "whether the [subsidiary] was merely a façade for the operations of the [parent]").<br><br>*S.C. Elec. & Gas Co. v. UGI Utils, Inc.*, 2012 WL 1432543, at *60 n.20 (D.S.C. Apr. 11, 2012) ("***One-hundred percent ownership and identity of directors and officers are***, even together, an ***insufficient*** basis for applying the alter ego theory to pierce the corporate veil."). |
| **TN** | **Opp. 15** ("Tennessee courts look at a variety of factors [including] undercapitalization of the subsidiary …."); ***Fed. Deposit Ins. Corp. v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984) (cited by Plaintiffs, Opp. 15)** ("Factors to be considered in determining whether to disregard the corporate veil include … whether the corporation was grossly undercapitalized" and whether corporate assets were "diver[ted]" or | **Opp. 15** ("Tennessee courts look at a variety of factors [including] employment of the same employees or attorneys … and the failure to maintain arm's length relationships …."); ***Fed. Deposit Ins. Corp.*, 584 F. Supp. at 397 (cited by Plaintiffs, Opp. 15)** ("Factors to be considered in determining whether to disregard the corporate veil include … the use of the same office or business location … [and] | **Opp. 15** ("Tennessee courts look at … the use of the corporation as an instrumentality or business conduit for another corporation …."); ***Cont'l Bankers Life Ins. Co. of the S. v. Bank of Alamo*, 578 S.W.2d 625, 632-33 (Tenn. 1979) (cited by Plaintiffs, Opp. 15)** (declining to pierce the corporate veil and holding that veil piercing "requires proof [that] … [t]he parent corporation … exercises complete dominion over its subsidiary, ***not only of finances, but of policy and business practice[s]*** … so that the [subsidiary] ha[s] ***no*** |

| | | |
|---|---|---|
| "manipulat[ed] …."). | the employment of the same employees or attorneys …."). | *separate mind, will or existence of its own*" as to "make [the subsidiary] *practically indistinguishable*" from the parent).<br><br>*Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 652 (Tenn. 2009) ("[T]he fact that … the corporations have the *same directors and officers [do not] suffice* to show that the two are alter egos."). |